PETER M. HITCHCOCK and others *vs.* JOSEPH TURNBULL.

November 14, 1890.

**Executory Sale—Time for Delivery.**—The answer considered, and *held* not to state any defence.

**Same—Breach—Special Damages—Pleading.**—*Liljengren Furniture Co.* v. *Mead*, 42 Minn. 420, followed as to what facts must be pleaded as a basis for the recovery of special damages for breach of contract.

**Counterclaim for Nominal Damages — Judgment on Pleadings.**—It is not error to order judgment for the plaintiff on the pleadings where the answer states a counterclaim or set-off for merely nominal damages.

Action brought by plaintiffs (partners doing business under the name of Cleveland, Brown & Co.) in the municipal court of Minneapolis, against the defendant, (doing business under the name of De Soto Boiler Works,) to recover $155, the price of certain boiler sheets, etc., manufactured by plaintiff and delivered free on board cars at Cleveland, Ohio, on September 17, 1889, pursuant to a written agreement by correspondence begun August 3d and completed August 24, 1889, the plaintiff undertaking "to go ahead and make the plates with little delay." The complaint set out the correspondence by which the contract was made, alleged that the plaintiffs began to make the plates "as soon as they could do so in the ordinary course of their business," and made them "as rapidly as they could in the condition of their business," and completed and delivered them free on board cars at Cleveland, consigned to defendant at Minneapolis, on September 17, 1889, and that they reached Minneapolis on or about September 20, 1889. In his answer the defendant admitted

the correspondence pleaded by plaintiff, and alleged that therein "it was expressly agreed" that plaintiff should deliver the goods to defendant at Minneapolis not later than September 7, 1889; that the usual time required for carriage from Cleveland to Minneapolis does not exceed three days; that the sheets could have been made in the ordinary course of business, with the usual means and appliances, in two days from the commencement of the work, and such time would have been a reasonable time, under the circumstances, for making them; that plaintiffs did not make and deliver the goods at Minneapolis, until about September 20, 1889, and never delivered them to defendant, and that the defendant has always refused to accept them, and that "such manufacture and delivery consumed and was made in an unreasonable time under the circumstances." The answer further alleges that defendant desired to purchase the sheets to fill an order from a customer, who required delivery of them as quickly as possible, and within a reasonable time after August 3, 1889, and who had agreed to buy them of defendant, and pay therefor $155 in cash, and the freight from Cleveland, and a certain other boiler of the value of $200; and that by reason of plaintiffs' failure to make and deliver the sheets within a reasonable time after they were ordered, the defendant lost his customer and the profit he would have made, which would have been $200, "all of which was well known at the time of giving said order for said sheets;" and that "it was understood and contemplated by and between plaintiffs and defendant, as a part of said order for said sale of said sheets, that defendant should derive a profit from a resale and exchange for the same, and that it would be impracticable for defendant to prevent any loss of such profit." The plaintiffs replied to this answer, and, when the action was called for trial, moved for judgment on the pleadings. The motion was granted, judgment was entered for plaintiffs for the full amount claimed in the complaint, and the defendant appealed.

*Russell & Reed*, for appellant.

*Jackson & Atwater*, for respondents.

MITCHELL, J. Appeal from a judgment on the pleadings against the defendant. The correctness of the action of the court in order-

ing judgment on the pleadings depends upon the question whether the answer raised any issue of fact as to whether the plaintiffs furnished and delivered to the defendant the articles for the recovery of the purchase price of which this action is brought within the time required by their contract, which, in the absence of any express stipulation on the subject, would be a reasonable time, under all the circumstances, after the defendant gave the order for them. The parties have followed the common, but very objectionable, practice of pleading mere matters of evidence, from which it is rather difficult to pick out traversable allegations of material facts. But a careful examination of the answer satisfies us that all its allegations as to the time when the articles should have been delivered, and when they were in fact delivered, are insufficient, either because based upon a confessedly false statement of the terms of the contract or because not sufficiently broad to show any breach of it. It appears from the allegations of the complaint and admissions of the answer, that the contract was that plaintiffs were to manufacture the articles at Cleveland, Ohio, and deliver them to defendant on board the cars at that place. It is true that the defendant in his answer attempts to claim that the contract was that the articles were to be delivered at Minneapolis, but this is a mere legal conclusion, sought to be drawn from the written exhibits attached to the pleadings, an inspection of which conclusively shows the contrary. Hence the material question was what would have been a reasonable time in which to manufacture the goods and deliver them on board the cars at Cleveland, while the only allegations of the answer as to the time of delivery, or that an unreasonable time was consumed in the manufacture and delivery of the articles, has reference to delivery in Minneapolis. Again, the allegation that two days *from the time of the commencement of the work* would have been a reasonable time for the *manufacture* of the goods entirely fails to cover the ground; for, even if the allegation be true, it does not follow that two days from giving the order was a reasonable time in which to deliver the goods on board the cars. It is nowhere alleged that plaintiffs were required, either by express stipulation or by implication from the

usual course of business, to commence work immediately on receipt of defendant's order.

In reference to the counterclaim attempted to be set up, all that is necessary to be said is that, within the rule laid down in *Frohreich* v. *Gammon*, 28 Minn. 476, (11 N. W. Rep. 88,) and *Liljengren Furniture Co.* v. *Mead*, 42 Minn. 420, (44 N. W. Rep. 306,) there are no allegations of any extrinsic facts or circumstances constituting any basis for the recovery of the special damages claimed. Hence, even if the answer contained allegations showing a breach of the contract, the defendant could, under his answer, recover only nominal damages; and he is not entitled to a trial merely for the purpose of recouping or offsetting nominal damages against plaintiffs' claim, as this could not affect even the matter of costs. *Harris* v. *Kerr*, 37 Minn. 537, (35 N. W. Rep. 379.)

Judgment affirmed.