## EZEKIEL P. MURDOCK
### v.
## GEORGE WALKER, ADMINISTRATOR, ETC.

*Malpractice—Variance—Evidence—Negligence—Concurring Negligence
no Defense.*

1.   Proof of more than is alleged in the declaration constitutes no vari-
ance.
2.   Where a prescription is, by a *lapsus calami*, improperly written, as
result of which the person taking it dies, the fact that the druggist who fills
the prescription may have been negligent, is no defense to the physician
writing it in an action against him for malpractice.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
FRANK BAKER, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Proof of the prescription of a mixture composed of four
ingredients, one of which may be laudanum, does not support
an allegation that defendant prescribed laudanum.   Wright v.
C. & N. W. R., R., 27 Ill. App. 200, and cases there cited;
P. R. & A. R. Co. v. Tompkins, 10 S. E. Rep. 356; T. W. &
W. Ry. Co. v. Morgan, 72 Ill. 155.

Where a patient or those in charge fail to follow the
instructions of a physician, and injury results, the physician is

Murdock v. Walker.

not liable.    Waite on Actions and Defenses, Vol. 6, p. 599, Sec. 4; Note to Howard v. Conover, 48 Am. Dec. 484; McCandless v. McGwa, 26 Pa. St. 95; Potter v. Warner, 36 Am. Reports, 668.

Where there is intervening negligence (as in this case on the part of the druggist) such as the defendant could not reasonably anticipate, and the injury would not have occurred but for such intervening negligence, the first person in fault is not liable.    1 Shearman & Redfield on Negligence, Sec. 34, and note 2, and cases cited; 2 Thompson on Negligence, 1089; Whittaker, Smith on Negligence, 31, and cases cited by above text writers.

The custom upon which the appellant relied was admissible on the question of the intervening negligence of the druggist. Pa. Co. v. Stoelke, 104 Ill. 201; Beard v. Ill. Cent. R. R., 79 Ia. 518.

Messrs. LUTHER LAFLIN MILLS and JOHN McGAFFEY, for appellee.

GARY, J.    The appellant is a physician.    The appellee is administrator of his own infant son, who being ill, the appellant wrote a prescription which, by *lapsus calami*, had *pulv.* instead of *camph.* following *opii*.    The result was that the baby took it and died.

The suit is for the damages sustained by the next of kin in consequence of that death.    The declaration alleges a prescription of a " poisonous medicine, to wit, the tincture of opium, otherwise known as laudanum."    The whole prescription consisted of four ingredients, and as only one of them could be translated "laudanum," the appellant objected below, and now insists that there was a variance.    It is only, however, a case of proving more than alleged, which is no variance.    1 Greenleaf on Evidence, Sec. 67.    The prescription was headed "For George Walker (baby)," and the appellant testified that he had directed the family to take his prescriptions to another drug store than the one where this was filled.

The preponderance of the evidence is that the proper form

of a prescription of laudanum is "*Tr. opii*," and the addition of "*pulv.*" is not used, though it adds nothing to the meaning, while the addition of "*camp.*" does change it. Then he offered to show a custom among druggists in Chicago, that on a prescription, showing that it was for a baby, such a prescription as this was, would not be filled without consultation with the physician. The argument is that the negligence of the druggist, which the appellant could not anticipate, was the proximate cause of the misfortune, which relieves him from liability. But the authorities cited—1 Shearman & Redfield on Neg., Sec. 34, 2 Thomp. on Neg., 1089; do not support that position. At most, the negligence of the druggist concurred with that of the appellant in producing the result, which is not a defense. 2 Thomp. on Neg., 1088. Even the exception there stated by Thompson is now rejected by all authority which governs us. Chicago City Ry. Co. v. Wilcox, 33 Ill. App. 450. No error was committed, therefore, in refusing to admit evidence of that custom. On the whole case the judgment must be affirmed.

*Judgment affirmed.*