KATE SARGENT v. WILLIAM F. MASON and Another.[1]

June 14, 1907.

Nos. 15,131—(114).

**Agreement to Furnish Heat.**

Respondent rented a house from appellant from month to month at a stipulated price, to be paid monthly in advance, and at the same time appellant agreed to comfortably heat the house during her occupancy for $15 a month, to be paid at the end of each month. Respondent occupied the premises for about two years, and the evidence tends to show that the house was not comfortably heated during a portion of the winter seasons, and that she frequently complained of the lack of heat to appellant, who continually promised it would be better thereafter. Respondent paid the house rent at the beginning of each month, and at the end of each month she paid the stipulated $15 for heat, and took receipts for such payments, in which she made no reservation or stipulation as to the deficiency of heat.

*Held:* It does not conclusively appear from the evidence that the claim for insufficient heat was settled each month by the payment of the stipulated price therefor. It does not conclusively appear that respondent.

[1]Reported in 112 N. W. 255.

was estopped from maintaining an action for damages by such payments, or by her conduct in surrendering the premises without making a final complaint regarding the lack of heat, and in not commencing this action for more than two years thereafter.

**Same—Action for Damages.**

In an action for damages for breach of contract, the defaulting party is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts, and within the contemplation of the parties when the contract was entered into as likely to result from its nonperformance.

*Held*, the court erred in failing to instruct the jury in accordance with this principle, and in directing the jury to find a verdict for such sum as from the evidence, in their judgment, would fairly compensate respondent for her suffering and inconvenience.

Action in the district court for Ramsey county to recover $2,430 upon the breach of a contract to furnish heat. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff against defendant Jarvis Mason for $550. At the conclusion of plaintiff's testimony a motion to dismiss the action as to defendant William F. Mason was granted. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant Jarvis Mason appealed. Reversed and a new trial granted.

*B. H. Schriber*, for appellant.

*J. W. Pinch* and *J. R. Blackwell*, for respondents.

LEWIS, J.

The complaint alleges that in May, 1902, respondent leased of defendants from month to month a certain house, No. 9 East Tenth street, St. Paul; that such house, with a number of others immediately adjacent, was owned and controlled by defendants, and heated by means of a steam plant also owned and controlled by them; and that at the time of leasing the premises it was agreed between the parties that, so long as respondent should remain in possession of the house, defendants would furnish sufficient heat to comfortably warm the house during the fall and winter months at the rate of $15 per month. This action is founded upon a breach of the contract to furnish enough heat. Defendants moved to dismiss, and the motion was granted as against William F. Mason, who, it appeared, acted as agent for appellant.

Respondent obtained a verdict of $550, and, as we understand the case, the appeal presents two questions only which require special consideration.

1. Respondent occupied the premises from May, 1902, until April, 1904, and during all that time leased the house from month to month, paying the rent each month in advance, and the heat was paid for at the agreed price of $15 at the end of each month. It was shown at the trial that appellant gave separate receipts each month for the rent of the house and the heat, and upon this fact appellant urges that each month was a separate transaction, and all differences settled and disposed of accordingly. It is further claimed that, in paying for the heat each month and taking receipts, without specifying any insufficiency of heat, and in delaying action for nearly two years after vacating the house, respondent is estopped from maintaining the action.

As we understand the complaint and evidence, there were two separate contracts—one, for rental of the house, payable monthly in advance; and the other, for furnishing sufficient heat to comfortably warm the house, at $15 a month, payable at the end of each. Whether the transaction amounted to one entire contract, or two separate ones, is immaterial. The house was leased from month to month, and either party might have terminated it at the end of any month; but the contract for heat was a continuing one, viz., for the period during which respondent should occupy the house, which might be one month, one year, or two years. Consequently, under the terms of respondent's contract, she was not forced to vacate the premises simply because the heat was not sufficient, and appellant is not in a position to complain because he permitted her to remain longer than he need have done. It was within his power to bring the contract to a close at any time; but he did not do so, and by permitting her to remain he was called upon to make good his contract to give enough heat to make the house comfortable.

Appellant designates the furnishing of heat under his contract with respondent as a sale of personal property, and seeks to apply to the case the rule applicable where a vendee purchases personal property, uses the same, and pays for it, and cites Armstrong v. Latimer, 165 Pa. St. 398, 30 Atl. 990, where it was held that voluntary payments prevented

the vendee from afterwards raising the question that the coal was deficient in quantity. That class of cases has no application. By the terms of the contract under consideration the lessee did not agree to purchase "hot air" by measure or weight, with the implied understanding that, if it was not sufficient in amount, she must return it. The transaction was in no sense a sale or delivery of personal property, but an agreement by appellant to perform certain duties, viz., to make the premises comfortable.

Respondent testified that she made frequent complaints as to the insufficiency of the heat; that appellant repeatedly promised that heat enough would be furnished in the future, and also told her that if she did not like the amount of heat furnished she could leave; but that she had rented the house for the express purpose of subletting rooms, and it was not possible for her to move out in the middle of the winter without great loss, and so she preferred to remain and make the best of things. The fact that respondent paid for the heat at the end of each month, without specifying in the receipts that she was not satisfied, and that this action was not commenced for nearly two years after she vacated the house, did not necessarily estop her from maintaining the action. It was proper for the jury to take all such matters into consideration, in determining whether or not the house was comfortably heated, and whether she had accepted the same without complaint. The evidence supports respondent's claim that the contract was broken, and that she preserved her rights, although she paid the bills every month, and did not commence the action for two years after vacating the premises.

2. There were five causes of action, two of which only are involved on this appeal. The first, based upon damages which accrued by reason of inability to sublease the rooms of the house because they were not warm enough. It was alleged in the complaint, and substantiated by the evidence, that the house was rented to respondent for the express purpose of subletting rooms, which appellant knew, and the damages alleged under this cause of action were $300. The second, based upon a claim of $2,000 damages caused by the physical inconvenience, pain, and suffering of respondent during the time she occupied the premises by reason of the low temperature of the house.

Appellant does not question the validity of the first cause of action, provided that any amount can be recovered at all, but contends that the court erred in charging the jury as follows as to the third cause of action:

> Gentlemen, on the second item of damages—that is, the personal suffering and inconvenience of the plaintiff herself, by reason of her being compelled to remain in these alleged cold rooms during these two winters, and catching cold and personal suffering and inconvenience, on that I simply say that the plaintiff would be entitled to recover, if she is entitled to recover at all in this case, such a sum as you in your good judgment, from the evidence, believe would fairly compensate her for her suffering and inconvenience. She has not proved in this case any pecuniary loss in that respect. She has not proved any damages for expenses for medicines, or doctors' bills, or anything of that kind, but simply on that her own personal suffering and inconvenience, as nearly as you can measure it in money.

It is stated in 1 Sutherland, Dam. (3d. Ed.) § 45: "An important distinction is to be noted between the extent of responsibility for a tort, and that for breach of contract. The wrongdoer is answerable for all the injurious consequences of his tortious act which, according to the usual course of events and general experience, were likely to ensue, and which, therefore, when the act was committed, he may reasonably be supposed to have foreseen and anticipated. But for breaches of contracts the parties are not chargeable with damages on this principle. Whatever foresight at the time of the breach the defaulting party may have of the probable consequences, he is not generally held for that reason to any greater responsibility. He is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts and were within the contemplation of the parties when the contract was entered into as likely to result from its nonperformance." See also 13 Cyc. 32, 33.

The principle applicable when there is a breach of contract is very fairly illustrated by the case of Hammer v. Schoenfelder, 47 Wis. 455, 2 N. W. 1129, where the trial court charged the jury that a vendee was entitled to recover all damages naturally resulting from a failure

to furnish ice for the season according to contract. The court say: "Of course, this was an action for a breach of the contract; but, as the defendant fully knew the use which the plaintiff wished to make of the ice he agreed to deliver, namely, to supply his ice box in order to preserve fresh meat, there is no hardship in allowing the plaintiff to recover, 'not only general damages—that is, such as are the necessary and immediate result of the breach—but special damages, which are such as are the natural and proximate consequence of the breach, although not in general following as its immediate effect.'" 1 Sutherland, Dam. 148–152.

Chadwick v. Woodward, 12 Daly, 399, and Eschbach v. Hughes, 7 Misc. 172, 27 N. Y. Supp. 320, are cases which illustrate the other extreme—where the damages alleged were held to be too remote. In the former case the lessor had covenanted with his tenant to repair the plumbing, and it was sought to recover damages by reason of illness of defendant and his family from the bad sewerage occasioned thereby, and for loss of business by defendant, which he claimed resulted from breach of the contract. In the latter case it was held that the tenant could not recover damages on account of ill health which was alleged to have grown out of the damp condition of the rooms, caused by the roof getting out of repair and in a leaky condition; that the covenant to repair the roof was not the proximate cause of the illness.

In the case now under consideration appellant undertook to make the premises comfortably warm for the express purpose of enabling respondent to occupy the same as a residence. The object of the contract being to make the house tenantable, the parties must have contemplated that the absence of heat would make the premises untenantable. It is a matter of common knowledge that insufficiently heated rooms in this climate may cause great physical suffering and inconvenience to persons living in them. But, in a given case, whether personal suffering and inconvenience resulted from the lack of heat depends upon the condition of the premises and the character of occupancy by the tenant, as well as upon the season of the year and the sufficiency of the heating plant, within the reasonable knowledge of the parties.

In this case it does not conclusively appear that at the time the parties entered into the contract they contemplated that as a result of insufficient heat respondent might suffer physically, and be substantially

inconvenienced; nor does it conclusively appear from the evidence that respondent was compelled to remain in the rooms during the time they were not sufficiently warm, by reason whereof she caught cold and suffered. The charge of the district court on this subject in substance directed the jury to return an amount for respondent which would compensate her for personal suffering and inconvenience endured by reason of her being compelled to remain in the alleged cold house. The court assumed as proven the facts which should have been submitted to the jury. The jury should have been informed that respondent could recover only such damages as naturally resulted from a breach of the contract, and such as were in the contemplation of the parties when the contract was entered into as likely to come about by a nonperformance thereof. For these reasons a new trial must be granted, and it will not be necessary to review the other assignments of error.

Order reversed.

JAGGARD and ELLIOTT, JJ.

We concur in the order of reversal, but on the ground that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict, because she had no cause of action.