# CITY OF EAST GRAND FORKS v. J. GORDON STEELE and Others.[1]

May 2, 1913.

Nos. 17,960—(44, 45).

**Expert accountant — implied representation as to skill.**

1. One who holds himself out as an expert accountant and accepts employment as such impliedly represents that he possesses the ability and skill of the average person engaged in that branch of skilled labor.

**Action against auditor founded on contract.**

2. An action to recover damages arising from the negligence of an expert employed to audit certain accounts is founded on breach of contract, and not in tort. The cause of action is the breach of the contract, and the different items of damage resulting therefrom do not constitute separate causes of action.

**Liability for damages — proximate results of failure to disclose situation.**

3. If from lack of proper skill, or from negligence, an expert accountant fails to disclose the true status of accounts he is employed to audit, he is liable for the damages naturally and proximately resulting from such failure; but losses resulting from a subsequent embezzlement by a city officer, or from the subsequent bankruptcy of a surety for such officer, in the absence of any circumstances tending to show that such contingency was in contemplation of the parties at the making of the contract as likely to occur, are too remote to be recovered as a consequence of such default.

**Recovery of compensation paid.**

4. Compensation paid an expert accountant in reliance upon his report that he has made a complete and correct audit may be recovered back, on proof that through his negligence the audit is in substance false.

[1] Reported in 141 N. W. 181.

Action in the district court for Polk county to recover $7,973.26. Defendants demurred to each of the four causes of action in the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order overruling the demurrer to the second, third and fourth causes of action, defendants appealed. From the order sustaining the demurrer to the first cause of action, plaintiff appealed. Order overruling demurrer to the second cause of action reversed. The other orders affirmed.

F. C. Massee, H. A. Bronson and W. J. Rasmussen, for plaintiff.

George R. Robbins, George A. Bangs and A. A. Miller, for defendants.

TAYLOR, C.

The complaint, in form, sets forth four causes of action. The trial court sustained a demurrer to the first cause of action, and overruled demurrers to each of the other three. Both parties appeal.

The following brief outline of the facts alleged in the complaint will serve to indicate the questions presented:

The defendants, representing themselves to be expert accountants, and able to detect any irregularities in the transactions of the city officers, contracted with the city to investigate and audit the books, accounts, and financial transactions of the city and of its officers for the year 1908, and especially the books, accounts, and financial transactions of the city clerk, for the sum of $150. The city clerk, in addition to his ordinary duties as clerk, was also employed to collect money due the city for electric lights, water and sewer assessments, and license fees, and had given a surety bond to secure the faithful performance of these additional duties. The investigation of these collections, and of whether they had been properly accounted for, was included in the duties of the defendants. They made the investigation and audit, and in February, 1909, reported to the city that all books and accounts had been correctly kept and all funds properly accounted for. Plaintiff, believing they had made a correct report and had properly performed their work, paid them the full contract price therefor.

In December, 1909, defendants again contracted with the city to

make a similar investigation and audit, concerning both the years 1908 and 1909, for the sum of $500. They made such an investigation and audit, and reported the result thereof. Plaintiff, still believing that they had made a correct report and had properly performed their work, paid them the full contract price for this second audit. In fact, the clerk had embezzled the sum of $1,984.26 during the year 1908, and the further sum of $5,339 during the year 1909, and prior to the investigation made by the defendants. The defendants failed to discover and disclose these defalcations, by reason of incompetence and negligence. They were discovered and disclosed by an investigation made by the state examiner immediately after defendants had completed their second audit. If in making their first audit defendants had discovered and reported the defalcation then existing, it could have been recovered from the surety company, and the clerk would have been removed from office, and his subsequent embezzlement could not have occurred. The surety company became insolvent before the investigation made by the state examiner, and the amount of the defalcations of the clerk has been wholly lost to the city.

The plaintiff seeks to recover the following items, and states each as a separate cause of action: (1) The sum of $5,339, embezzled by the clerk after the first audit and before the second audit. (2) The sum of $1,984.26, embezzled by the clerk prior to the first audit. (3) The compensation paid to the defendants for making the first audit. (4) The compensation paid the defendants for making the second audit.

1. The matters set forth as the first, second, and third causes of action constitute only one cause of action, and not three. They are merely separate items which plaintiff seeks to recover on account of the breach of the contract under which the first audit was made. The breach of this contract constitutes the cause of action. However, as both parties and the trial court have treated these three items as being separate causes of action, they will be so considered for the purposes of this decision.

2. This is not an action in tort, but an action to recover damages for breach of contract. As said by Justice Mitchell in Whittaker v.

Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55 (an action brought to recover for the negligence of a physician): "Where the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is in substance, whatever may be the form of the pleading, an action on the contract. * * * The foundation of the action is the contract, and the gravamen of it its breach."

3. The rule governing liability for breach of contract is given in the syllabus to Sargent v. Mason, 101 Minn. 319, 112 N. W. 255, as follows: "In an action for damages for breach of contract, the defaulting party is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts, and within the contemplation of the parties when the contract was entered into as likely to result from its nonperformance."

To recover damages, not naturally and necessarily resulting from a breach of the contract, on the ground that such damages were within the contemplation of the parties when making the contract, it is said in Liljengren F. & L. Co. v. Mead, 42 Minn. 420, 44 N. W. 306, that "there must be some special facts and circumstances, out of which they naturally proceed, known to the persons sought to be held liable, under such circumstances that it can be inferred from the whole transaction that such damage was in the contemplation of the parties, at the time of making the contract, as the result of its breach, and that the party sought to be charged consented to become liable for it." This rule is well established. Among the cases in this state explaining and applying it are the following: Liljengren F. & L. Co. v. Mead, supra; Sargent v. Mason, 101 Minn. 319, 112 N. W. 255; Paine v. Sherwood, 19 Minn. 270 (315); Frohreich v. Gammon, 28 Minn. 476, 11 N. W. 88; Wilson v. Reedy, 32 Minn. 256, 20 N. W. 153; Hitchcock v. Turnbull, 44 Minn. 475, 47 N. W. 153; North v. Johnson, 58 Minn. 242, 59 N. W. 1012.

4. The damages claimed on account of the losses resulting from the defalcations of the clerk and the insolvency of his surety are too remote to be recovered, without showing the existence of special cir-

cumstances, known to defendants, from which they ought to have known that such losses were likely to result from a failure to disclose the true condition of affairs. Such losses are neither the natural nor the proximate consequences of the failure of defendants to make a proper audit. Neither are any facts shown from which it may be inferred that a loss from either of these causes was or ought to have been contemplated, when the contract was made, as likely to result from a breach of duty on the part of defendants.

If, at the making of the contract and in the light of the knowledge then possessed by them, the parties had taken thought as to what consequences might reasonably be expected to result from its breach, there is nothing set forth in the complaint from which we can say that they ought to have foreseen or to have contemplated that the clerk was likely to commit a crime, or that his surety was likely to become bankrupt, and thereby entail financial loss upon the city. There may be circumstances under which the negligence of an expert accountant may make him liable for losses, as where he is employed to determine the amount that should be exacted from a surety for the default of his principal; but the facts alleged in the complaint do not bring this case within any such rule.

5. Defendants represented themselves as expert accountants, which implied that they were skilled in that class of work. In accepting employment as expert accountants, they undertook, and the plaintiff had the right to expect, that in the performance of their duties they would exercise the average ability and skill of those engaged in that branch of skilled labor. They were employed to ascertain, among other things, whether any irregularities had occurred in the financial transactions of the city clerk, and, if so, the nature and extent of such irregularities. If, from want of proper skill, or from negligence, they did not disclose the true situation, they failed to perform the duty which they had assumed, and failed to earn the compensation which plaintiff had agreed to pay them for the proper performance of such duty.

6. The work of an expert accountant is of such technical character and requires such peculiar skill that the ordinary person cannot be expected to know whether he performs his duties properly or

otherwise, but must rely upon his report as to the thoroughness and accuracy of his work. The full contract price having been paid in the belief, induced by defendants' report, that such report disclosed fully and accurately the condition of the city's accounts, the city is entitled to recover back the amounts so paid, upon proving that, through the incompetence or the negligence of defendants, the report was in substance misleading and false.

The order sustaining the demurrer to the first cause of action is affirmed. The order overruling the demurrer to the second cause of action is reversed. The orders overruling the demurrers to the third and fourth causes of action are affirmed.