## FANNY M. KEIPER v. A. R. ANDERSON AND ANOTHER.[1]

### November 30, 1917.

### No. 20,548.

**Death by wrongful act — breach of covenant in lease.**

> The complaint alleged negligence in the performance by a landlord of his contract with a tenant to keep the leased premises heated, causing the death of the tenant. Though the action is based on the contract and is therefore an action on contract, it is *held* that the complaint states a cause of action to recover damages for the tenant's death as caused by the wrongful acts and omissions of defendants.

Action by the administratrix of the estate of Edward E. Keiper, deceased, to recover $7,500 for the death of her intestate. From orders of the district court for St. Louis county, Cant, J., overruling their separate demurrers to the complaint, defendants appealed. Affirmed.

*Francis H. DeGroat* and *Brown & Guesmer,* for appellants.

A. Section 8175, G. S. 1913, gives a cause of action only in cases of personal injury caused by a tort, the cause of action for which would abate upon the death of the injured party. It specifies nothing but tort. It does not give the right to assert the cause of action of the injured person, but gives an entirely new cause of action for the benefit of the surviving spouse, under the circumstances specified therein. Anderson v. Fielding, 92 Minn. 42, 50, 51, 99 N. W. 357. See also Clay v. Chicago, M. & St. P. Ry. Co. 104 Minn. 1, 13, 115 N. W. 949.

In some states the statutes for death by wrongful act are survival statutes, whereas in other states, as in Minnesota, the statutes are not survival statutes, but create a new cause of action as shown by Anderson v. Fielding, supra. 8 Am. & Eng. Enc. (2d ed.) pp. 858, 859. This statute was intended to reach cases of tort only.

1. The history of this statute shows that it was designed to give a remedy in tort actions for injuries to the person, to compensate for

. [1]Reported in 165 N. W. 237.

the loss of all remedy by the death of the injured person. The original Lord Campbell's act began by declaring that: "No action at common law is now maintainable against a person who, by his wrongful act, neglect or default, may have caused the death of another person; and it is oftentimes right and expedient that the wrongdoer in such case should be answerable in damages for the injury so caused by him." Then it conferred a right of action on the personal representative for the benefit of the wife and others. 8 Am. & Eng. Enc. p. 858.

2. The language of this statute limits it to cases of tort.

3. The statute creates an entirely new and original cause of action, not a new remedy for an existing cause of action (Anderson v. Fielding, supra). That being so, it cannot, consistently with a familiar rule of construction, be extended to any case not falling within its express language, "wrongful act or omission." See Moe v. Smiley, 125 Pa. St. 136, 17 Atl. 228; 8 Am. & Eng. Enc. IV, p. 860; Id. (2) p. 861; Id. p. 887.

4. The death of the alleged wrongdoer causes the action given by the statute to abate (See 8 Am. & Eng. Enc. 874, and Moe v. Smiley, supra).

5. Actions under Lord Campbell's act statutes are governed by the rules which pertain to ordinary tort actions. (See Death by Wrongful Act, 8 Am. & Eng. Enc. 851, et seq. particularly IV, p. 860).

B. There is no duty to heat imposed by law upon the landlord in favor of the tenant, and a failure to heat creates no tort liability in favor of the tenant. It is therefore necessary to show and rely upon a contract obligation and breach thereof. In all cases in which the landlord has been held liable to the tenant for a failure to heat or a failure to repair, the cause of action has been held to be not in tort but on contract and controlled by the rules pertaining to breach of contract. Plaintiff alleges a contract obligation and relies on a breach thereof.

1. The defendants' duty to heat being created by contract and being dependent upon contract, and it being necessary for the plaintiff to plead and prove the contract in order to make out a cause of action, the action is one on contract, no matter what form the complaint takes. Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632; Finch v. Bursheim, 122 Minn. 152, 153, 142 N. W. 143; City of East Grand Forks v. Steele, 121 Minn. 296, 299, 141 N. W. 181.

2. The plaintiff has in fact proceeded on contract.

3. While a landlord, who has agreed to repair or to heat, can be held liable in tort to a third person, he is under no tort liability to the tenant. Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428; Glidden v. Second Ave. Inv. Co. 125 Minn. 471, 147 N. W. 658.

The authorities in and out of Minnesota, establish beyond question that there is no tort liability on the landlord to his tenant for the breach of the landlord's contract to repair or for the breach of his contract to heat. The holdings are affirmative to the effect that there is no such tort liability to the tenant. 18 Am. & Eng. Enc. 231 (h) aa, 234 ee, and authorities cited; Dustin v. Curtis, 74 N. H. 266, 67 Atl. 220, 11 L.R.A.(N.S.) 504; Sargent v. Mason, 101 Minn. 319, 112 N. W. 255.

In 18 Am. & Eng. Enc. (2d ed.) 226, 235, there is, under the heading "Agreement of Landlord to Repair," a clear summary of the rules and principles applicable in the case of such an agreement.

The decisions in the Glidden heating cases apply to a heating case the well established principles applicable to a repair case, which are: (1) That a third person has imposed in his favor by law a duty on the part of the occupant to keep the premises safely repaired and sufficiently heated; (2) that a violation of that duty, by the one upon whom that duty rests, is a tort by him upon the third party in whose favor this law-imposed duty runs; (3) that if the landlord has not agreed to furnish heat or to repair, then this duty rests upon the tenant, and he is the tort feasor; (4) that the landlord, by an agreement to do the heating, "assumes" this duty imposed by law in favor of the third party; (5) that this duty imposed by law in favor of the third party then rests upon him just as if it had been upon him in the first instance; (6) that when he fails to furnish heat he violates that duty imposed by law in favor of the third party which he has thus assumed, and there is committed by him upon the third person a tort, and not a breach of contract, because the third person has no contract. The third person stands on the duty imposed by law and the breach thereof. Glidden v. Goodfellow, 121 Minn. 101, 144 N. W. 428; Glidden v. Second Ave. Investment Co. 125 Minn. 471, 473, 147 N. W. 658.

If the third person did not have imposed in his favor by law this

duty, he would have no cause of action at all. No one else who has not imposed in his favor by law this duty to heat, has any cause of action in tort, in the event of failure to heat or repair. Therefore, the tenant, who has no duty to heat or repair imposed in his favor by law has no cause of action in tort in the event of a failure to heat or repair; and he has no cause of action whatever unless he happens to have a contract with the landlord wherein the latter agrees to heat, and then his remedy is for breach of contract. He stands in a position different from the third person in this: The third party has imposed in his favor by law a duty to heat and repair always resting upon someone (the tenant or the landlord or both); the tenant has no such duty imposed in his favor by law resting upon anyone.

It will be noted, in reading the Minnesota repair decisions, that they are all actions by someone other than the tenant of the defendant, excepting the cases of Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466, and Farley v. Byers, 106 Minn. 260, 118 N. W. 1023; and that, in each case, the holding of tort liability was based upon the ground that there had been violated some duty imposed by law (which would have existed even though no contract had been made) in the injured party's favor, and that the contract had no effect except to bring about an assumption of this law-imposed duty. Nash v. Minneapolis Mill Co. 24 Minn. 501; Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289; Good v. Von Hemert, supra; Williams v. Dickson, 122 Minn. 49, 141 N. W. 849.

*Drill & Drill*, for respondent.

Where the landlord by the terms of his lease covenants with the tenant to properly heat the leased premises and negligently fails to do so, or performs the act of heating in a negligent manner and the tenant is injured by reason of such negligence, the tenant has a cause of action against his landlord for damages for his personal injuries resulting proximately from such negligence. Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428.

The issues raised by these demurrers, therefore, are not new or open to question, because in Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466, the court clearly decided the matter and determined that a ten-

ant, like any other person rightfully on the leased premises and free from contributory negligence and assumption of risk, has an action for damages from personal injury caused by the negligence of the lessor in performing his undertaking to heat or repair under a covenant to do so.

The complaint alleges that the defendants were negligent and perpetrated acts of misfeasance and wrong in the manner in which they carried out, performed and executed their undertaking to heat the leased premises, and that the plaintiff's intestate was exposed to harm and danger which were the proximate cause of his death and which such alleged negligence and misfeasance directly produced. The complaint, therefore, tenders an issue on matters which, if true, constitute actionable negligence in law and in fact.

The action set up in the complaint is independent of the contract of leasing, as a matter of fact.

BUNN, J.

The defendants demurred separately to the complaint on the ground that the facts stated did not constitute a cause of action. Both demurrers were overruled, and the court certifying that the questions presented were in its opinion important and doubtful, each defendant appealed from the order overruling his demurrer.

Plaintiff is the widow and administratrix of the estate of Edward E. Keiper, deceased, and brings the action under G. S. 1913, § 8175, to recover damages for his death on the theory that it was caused by the wrongful acts or omissions of the defendants. The allegations of the complaint, which are essential to an understanding of the questions involved, may be stated as follows:

Defendant A. R. Anderson was the owner of a certain store building in Minneapolis. March 14, 1914, he leased the premises to Edward E. Keiper, for the term of one year, for use as a drug store. By the terms of the lease the lessor agreed "to keep said premises heated to a comfortable and proper temperature from October to April of each year, inclusive." The lessor maintained a heating plant in the basement of the building; defendant Arthur W. Anderson was in charge of the heating plant, as the agent of the lessor. Keiper went into possession

of the store. From December 27, 1915, to January 14, 1916, the weather was intensely cold. Notwithstanding the terms of the lease, and their duties and obligations in the premises, the defendants "carelessly and negligently failed to properly attend to the * * * heating plant," failed to keep the same in a good working condition and free from obstructions, failed to keep fuel in the same, and negligently allowed the fire in said furnace to go out, or to get so low as to allow the premises to become cold and dangerous as to the occupancy thereof by the tenant and his licensees. This condition is alleged to have existed during the last days of December; on the thirtieth plaintiff contracted a severe cold, became ill and was obliged to remain at his home for several days. On January 3, he returned to work at the store, relying upon promises of the defendants to do better. He remained there until January 11, when defendants carelessly and negligently allowed the heating plant to become cold for lack of fuel, causing the premises to become so cold that Keiper became ill, repaired to his bed, and died June 24, 1916, of the illness so acquired. It is unnecessary to further state the allegations of the complaint, except to say that negligence and carelessness on the part of the defendants is frequently alleged as the cause of Keiper's death.

Defendants claim that the action will not lie because it is on contract, not in tort, and because the statutory action to recover for death caused by wrongful act or omission can be maintained only when the cause of action is in tort.

Had Keiper survived, his cause of action would have been for breach of the contract to heat the premises, as proof of the contract would have been necessary to create any cause of action. This is settled in this state. Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55; Sargent v. Mason, 101 Minn. 319, 112 N. W. 255; City of East Grand Forks v. Steele, 121 Minn. 296, 141 N. W. 181, 45 L.R.A.(N.S.) 205, Ann. Cas. 1914C, 720; Finch v. Bursheim, 122 Minn. 152, 142 N. W. 143; Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428, L.R.A. 1916F, 1073.

It is just as true that the present action is based on the contract; there could be no recovery except for the contract. Though negligence or wrong-doing be alleged, the action is founded on contract, and there-

fore classed as one, in substance, on the contract. Whittaker v. Collins, supra. In the cases cited it was necessary to call the action either one in tort or one on contract in order to decide which of two rules applied; in Whittaker v. Collins, supra, whether it was necessary to join all parties jointly liable; in Sargent v. Mason, and City of East Grand Forks v. Steele, what the proper measure of damages was; in Finch v. Bursheim, what statute of limitations applied. Of these cases perhaps Sargent v. Mason is most directly in point, as that action was based on the failure of a landlord to perform his contract to heat the leased premises. This court granted a new trial because the trial court gave the jury the rule of damages applying to torts, instead of that applying to breach of contract.

All the numerous allegations of negligence and wrong-doing in the complaint before us come to but one point, the failure of the landlord to heat the premises as he had agreed to do. The gist of the action is the breach of the contract, and as said in Whittaker v. Collins, supra, "it is in substance, whatever may be the form of pleading, an action on the contract." The cases of Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289; Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466, and Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428, L.R.A. 1916F, 1073, are not in conflict with this view. There was no contract relation in those cases between the injured person and the landlord. In the Barron case the plaintiff was sublessee of the tenant, in the Good case a member of his family, and in the Glidden case an employee. The liability of the landlord was in each case based on his negligence. See note to Dustin v. Curtis, 11 L.R.A.(N.S.) 504.

How far is this decisive of the question whether the complaint shows that the death of plaintiff's intestate was caused by the "wrongful act or omission" of defendants? Counsel for defendants insist that no action for death by wrongful act will lie unless the wrongful act or omission is a tort, negligence, unconnected with contract. They say that an act or omission is not wrongful, does not constitute negligence, unless it is a breach of some duty imposed by law, not merely one imposed by contract. They point out that the right of action given by the statute is a new and distinct right of action, not a survival of the right of action which the injured person had before his death, to recover

damages. This is correct under our decisions. Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; State v. District Court of Hennepin County, 131 Minn. 96, 154 N. W. 661. See note to Rowe v. Richards, in L.R.A. 1915E, 1095, in which the author expresses the opinion that "the better rule will be found to be that based upon the theory that the cause of action is the injury to the person of the deceased for which coexistent remedies, or an exclusive remedy, is given." This means that the cause of action under the death statute remains the same cause of action that the injured person had before his death, the statute merely giving a new remedy. Such a rule would be a help in determining whether, when the cause of action survives, two actions may be maintained, one that of the estate of the deceased, the other that of the widow and next of kin. It might also be useful in a case such as Rowe v. Richards, 32 S. D. 66, 143 N. W. 664, L.R.A. 1915E, 1069, where the South Dakota court held that a release by the injured person did not bar an action after his death brought under the statute for the benefit of the widow and children. See also note to Lhota v. Oppenheimer, L.R.A. 1915E, 1104. Edwards v. Interstate Chemical Corp. L.R.A. 1916D, 121.

But it is unnecessary to pursue this subject. Its chief importance here is with reference to the point that Keiper's cause of action, being based on breach of contract, survived his death. That is used as an argument in favor of the contention that the present action cannot be maintained. But whether the premise is sound or not, we find little weight in the argument. The books are full of cases where a right of action exists both under survival statutes and under statutes patterned after Lord Campbell's Act. Neither Keiper in his lifetime nor his personal representatives brought an action to recover damages for personal injuries. Whether such an action may still be maintained we need not consider.

Returning to the argument which is the real basis of counsel's contention that the action will not lie, that is that the wrongful act or omission, or negligence, must be a breach of a duty imposed by law, not merely one imposed by contract. While, as we have held, the action is for breach of contract, the complaint abounds in charges of negligent and wrongful acts and omissions of the defend-

ants. It alleges that Keiper's death was caused by these acts and omissions. Unless we can say |that this cannot be, 'because there was no breach of a legal duty, it is apparent enough that the action will lie. The language of the statute is that where "death is caused by the wrongful act or omission of any person," the action may be maintained. Counsel cites some authorities to support this position. In Clark v. Gates, 84 Minn. 381, 87 N. W. 941, Justice Lovely used this expression: "To constitute a tort the act or omission must be entirely independent of contract right." Citing 1 Hilliard, Torts (4th ed.) 1. That was said in connection with the question for decision in that case, whether the evidence showed fraud, or merely a breach of contract. It is doubtless true that the word "tort," as well as the word "wrongful," usually signifies a breach of legal duty, independent of contract rights. But this is by no means always true. Take such contract relations as carrier and passenger, physician and patient, attorney and client, landlord and tenant; when there is actual negligence or wrong on the part of the carrier, physician, attorney or landlord, is it not still negligence or a wrong notwithstanding that the duty is imposed by the contract? There may be a breach of a contract without negligence, but there may be negligence or wrongful acts or omissions in the performance of a contract. It seems to us to make no difference whether the duty to use due care is one imposed directly by law, or exists because of the contract relation of the parties. We are unable to see why the complaint in this case does not allege negligence on the part of defendants, and that Keiper's death was caused by their wrongful acts and omissions.

We do not find support for the proposition of defendants' counsel that because the duty breached by defendants was one imposed by contract, this action will not lie. It is difficult for us to distinguish the multitude of cases where recovery has been allowed for the death of passengers, though no liability could exist except for the contract. And there have been cases where the liability of a physician or surgeon for the death of a patient caused by his negligence has been upheld. 30 Cyc. 1578. Murdock v. Walker, 43 Ill. App. 590; Gores v. Graff, 77 Wis. 174, 46 N. W. 48; Staloch v. Holm, 100 Minn. 276, 111 N. W. 264, L.R.A.(N. S.) 712, was a death case, and it apparently did not occur to the court that there was any doubt the action would lie. The same may be said of

Martin v. Courtney, 75 Minn. 255, 77 N. W. 813; 87 Minn. 197, 91 N. W. 487. These cases are significant in view of the settled rule in this state that such an action is for breach of contract. We have found no malpractice case where a recovery for death has been denied on the ground that the statutory action could not be maintained.

As to the relation of landlord and tenant we have been able to find no cases where a recovery was sought for death caused by a failure to keep a promise to repair or to furnish heat. The cases previously cited, Barron v. Liedloff, Good v. Von Hemert and Glidden v. Goodfellow, indicate pretty clearly the position of this court that there may be such a thing as negligence in the performance of a contract duty.

Our conclusion is that we should not say, taking allegations of the complaint as true, that the death of plaintiff's intestate was not caused by the wrongful acts or omissions of the defendants. What the evidence will show we have no means of knowing. It may show no negligence, or contributory negligence. We simply hold that the complaint states a cause of action.

Order affirmed.

BROWN, C. J. (dissenting).

I am unable to concur in the decision in this case and therefore respectfully dissent. The sole question presented, stated in a word, is whether the next of kin of a deceased person may maintain an action in tort under the death-by-wrongful-act statute for an act, alleged to have caused his death, which as to decedent amounted to nothing more than a breach of contract. In my opinion the question should be answered in the negative.

It seems well settled by the authorities that where the act constituting a breach of contract is one of misfeasance because prohibited by statute, or because a violation of some duty or obligation imposed by law as incident to particular contract relations and in addition to those expressly stipulated by the parties, the injured party has the election to sue in tort or for a breach of the contract as he deems best suited to appropriate and adequate relief. But where the act is one of nonfeasance, mere negligence unaccompanied by affirmative unlawful acts, the exclusive remedy

138 M—26

is for a breach of the contract. Tuttle v. George H. Gilbert Mnfg. Co. 145 Mass. 169, 13 N. E. 465; Lane v. Raynes, 223 Mass. 514, 112 N. E. 152; Flint & Walling Mnfg. Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N.S.) 924; Dustin v. Curtis, 74 N. H. 266; 67 Atl. 220, 11 L.R.A.(N.S.) 504, 13 Ann. Cas. 169; Mulvey v. Staab & Co. 4 N. M. 172, 12 Pac. 699; Samuel v. Novak, 99 Md. 558, 58 Atl. 19; Nevin v. Pullman P. C. Co. 106 Ill. 222, 46 Am. Rep. 688. The doctrine is stated with citation of authorities in the note to Flint & Walling Mnfg. Co. v. Beckett, 12 L.R.A.(N.S.) 924. Bishop, Non-Contract Law, § 76. It was applied by this court in Sargent v. Mason, 101 Minn. 319, 112 N. W. 255, an action like that at bar for the failure of the landlord to heat the rented premises.

In this case the complaint brings the action within the nonfeasance rule, there being no allegation therein showing anything more than a negligent failure to perform the contract. The obligation violated was imposed by express contract stipulation, not by the law, and decedent, had he survived, could have recovered only for the breach of the contract. And in this respect it is unimportant in what language the breach of the contract is charged, since the complaint as a whole discloses simply a failure to perform and nothing more. And since the sole remedy of decedent would have been for a breach of the contract, his personal representatives or next of kin have no greater right under the wrongful death statute, for the intent of that law was to extend to them the same right that was vested in decedent at his death. McLean v. Burbank, 12 Minn. 438 (530), wherein Mr. Justice Berry said in the course of the opinion therein: The natural construction of this language would appear to be that the representatives may maintain their action for the same kind of act of omission, causing death, for which the intestate might have maintained an action had the resulting injury fallen short of death." While a new action is given by the statute, one that did not exist prior to its enactment, it is founded wholly upon a right possessed by decedent, namely, a right of action in tort, and not in contract. That right and only that right passes by the statute to the next of kin. An attempt to proceed under the wrongful death statute for the failure of the landlord to perform the conditions of the lease was unsuccessful in Davis v.

Smith, 26 R. I. 129, 58 Atl. 630, 66 L. R. A. 478, 106 Am. St. 691, 3 Ann. Cas. 832.

The demurrer to the complaint should be sustained.

HOLT, J.

I concur in the views of the Chief Justice.