**D & A DEVELOPMENT COMPANY,**
**etc., et al., Appellants,**

v.

**Walter BUTLER, Gerald Carlson,**
**Respondents.**

**No. C0-83-1504.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

David L. Black, Joseph L. Dunn, Stacker & Ravich, Minneapolis, for appellants.

Larry B. Guthrie, Maun, Green, Hayes, Simon, Johannesson & Brehl, St. Paul, for respondent.

David S. Doty, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

LANSING, Judge.

D & A Development Company (D & A) appeals from a summary judgment that dismissed its malpractice action against Butler and Carlson for failure to state a cause of action. D & A contends on appeal that Butler and Carlson are liable in negligence for failing to complete architectural plans on time. We affirm.

## FACTS

D & A employed Walter Butler Company (WBC), a professional corporation, to design and build a warehouse. Walter Butler signed the contract as president of WBC. It contained a schedule for completing the plans within three and one-half months. WBC hired Carlson, an independent contractor, to provide architectural services. Carlson was not a party to the contract with D & A.

The plans were not completed by the agreed date and remain incomplete and unsuitable for D & A's purposes. The plans were not used to build the warehouse. WBC filed a mechanic's lien against D & A for work allegedly performed in addition to the contract. D & A counterclaimed for breach of contract, breach of warranty, misrepresentation, negligence, and malpractice. That matter is pending in district court and is ready for trial. The trial court denied D & A's motion to amend the counterclaim to name Butler as an individual party. Thereafter, D & A filed this suit directly against Butler and Carlson individually.

The complaint alleges that Butler and Carlson failed to prepare suitable plans on schedule. The delay allegedly caused D & A to remain in a less efficient warehouse and thereby lose anticipated profits. The complaint is couched solely in terms of negligence. In an order without memorandum the trial court dismissed the complaint for failure to state a cause of action.

## ISSUE

Does the complaint state a cause of action in negligence against Butler and Carlson?

## ANALYSIS

Despite its contract with WBC, D & A claims that the facts give rise to a negligence action against Butler and Carlson individually. This contention requires us to address the fundamental differences between an action at contract and an action in tort. A tort is usually defined as a civil wrong independent of a contract. *See Keiper v. Anderson,* 138 Minn. 392, 165 N.W. 237 (1917). Prosser further defines this difference:

> The fundamental difference between tort and contract lies in the nature of the interests protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or the intention of the parties. * * * Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of the parties manifesting consent * * *.

W. Prosser, *Handbook of the Law of Torts* § 92, at 613 (4th ed. 1971).

The distinction is thus whether a duty has been breached other than one established by contract. In *Zontelli & Sons, Inc. v. City of Nashwauk,* 353 N.W.2d 600 (Minn.Ct.App.1984), Zontelli was awarded a city contract to construct a sewer system. When a dispute arose over payment for the system, Zontelli sued the city and the engineering firm that prepared the plans and specifications on which its bid was based.

The engineering firm had a separate contract with the city, but not with Zontelli. Zontelli alleged it was an intended beneficiary of the latter contract and sued for both breach and negligent preparation of the plans. The trial court concluded all the claims sounded in tort and apportioned fault under Minn.Stat. § 604.01 (1982). In reversing, this court said:

> Regardless of the fact that some of Zontelli's claims sound in tort, the basis of each claim was rooted in a contract. * * Zontelli's claim of negligence, a tort claim, requires proof of the existence of a duty of care flowing from [the engineer] to Zontelli. Such a duty, if it exists at all, could only arise from the contract * * *.

*Id.* at 604. The court therefore concluded the trial court had erred in apportioning fault among the parties. *See id.* (citing *Lesmeister v. Dilly,* 330 N.W.2d 95 (Minn. 1983)); *see also Bethesda Lutheran Church v. Twin City Construction Co.,* 356 N.W.2d 344 at 348 n. 1 (Minn.Ct.App. 1984) (the Minnesota Supreme Court has not recognized a cause of action for negligent breach of contract).

As in *Zontelli* and *Lesmeister,* the duties between the parties here arose out of the contract. WBC had a contractual duty to complete the architectural plans by the date agreed upon; that duty was created by its promise, not by law or by public policy. Apart from the contract, WBC had no duty to complete the plans at all. Although Butler signed the contract with D & A as president of WBC, he has no personal liability. Minn.Stat. § 319A.10 (1982). Carlson did not have a contractual duty to D & A because he was not a party to the contract. His contract was with WBC, and the complaint does not allege that D & A was a third-party beneficiary of that contract.

■ To prevail in negligence, a plaintiff must prove as one element that the defendant breached "some duty imposed by law, not merely one imposed by contract." *Keiper,* 138 Minn. at 398, 165 N.W. at 238; *W. Prosser,* § 30, at 143. Neither Butler nor Carlson breached any duty to D & A imposed by law.

■ A consideration of damages sought by D & A also leads to the conclusion that the action is essentially contractual. D & A asked only for lost profits. Under Minnesota law and the majority view, purely economic losses that arise out of commercial transactions are not recoverable in negligence. *See Minneapolis Society of Fine Arts v. Parker-Klein Associates Architects, Inc.,* 354 N.W.2d 816, 821

(Minn.1984) (damages sought from brick supplier for removal and replacement when original brick deteriorated are recoverable in contract, if at all); *Superwood Corp. v. Siempelkamp Corp.,* 311 N.W.2d 159, 161 & n. 6 (Minn.1981); Note, *Economic Losses in Products Liability Jurisprudence,* 66 Colum.L.Rev. 917, 929 (1966). Minnesota does allow the recovery of economic damages when they accompany personal injury or damage to other property. *Minneapolis Society of Fine Arts,* 354 N.W.2d at 819–20. There is no personal injury or damage to other property alleged in this case.

■ D & A has alleged no breach of a recognized tort duty owed to it by respondents, nor are the damages sought by D & A recoverable in a negligence action because they are based purely on disappointment of commercial expectations. The complaint therefore fails to state a cause of action in negligence against Butler and Carlson, and the trial court properly dismissed it.

### DECISION

D & A's complaint against Butler and Carlson fails to state a cause of action in negligence because it is based on a contractual rather than tort duty and because it seeks purely economic losses.

Affirmed.