## ZIEGLER v RICE

Ohio Appeals, 1st Dist, Hamilton Co

No 4180.   Decided Jan 9, 1933

Edward M. Ballard, Cincinnati, and Jas. O'Connel, Cincinnati, for plaintiff in error.

Mallon, Vordenberg & Marble, Cincinnati, for defendant in error.

ruling the motion for an instructed verdict in favor of the defendant at the close of all the evidence, and erred in overruling the motion for a new trial.

The law of the case requiring judgment in favor of the defendant, this court will enter the judgment that the Court of Common Pleas should have entered. The judgment is reversed and judgment is entered here in favor of the plaintiff in error, Ziegler.

ROSS, PJ, and CUSHING, J, concur.

## ON APPLICATION FOR REHEARING

HAMILTON, J.

Decided Feb 6, 1933

HAMILTON, J.

These allegations fail to state a cause of action against Ziegler.

Conceding that Ziegler agreed with Leila Rice as part of the contract of rental to repair the steps, Maggie Rice could receive no benefit from the contract, nor any rights thereunder. This is not a case of the use of a common stairway or common way. Neither is it an action by a member of the public for maintaining a public nuisance. Under the law, if the plaintiff had received her injuries through a public nuisance, the agreement by Ziegler to repair the steps would make him liable; likewise, in the case of a common way. There is no allegation in the petition of that character.

The substance of the petition is, as above stated, that Ziegler failed to perform a contract with a third person to repair the steps. As a result of his failure to perform under the contract the steps were left in bad repair; that she going on the steps fell on the defective steps and was injured.

There is no allegation of privity between the plaintiff and defendant, and no evidence is produced to establish such a privity.

The law of Ohio in actions of this character is settled by the cases of: **Burdick v Cheadle et, 26 Oh St, 393; Shindelbeck v Moon, 32 Oh St, 264; Shinkle, Wilson & Kreis Co. v Birney and Seymour, 68 Oh St, 328; Stackhouse v Close et, 83 Oh St, 339; Goodall v Deters, 121 Oh St, 412.**

Under authority of these cases, our conclusion is that the petition does not state a cause of action against the defendant, but since the petition is not challenged by demurrer or in the answer, we pass that point.

We conclude that the court erred in over-

Defendant in error in her application for rehearing contends that the case of **Burdick v Cheadle, 26 Oh St, 393,** is not in point under the facts of this case.

In the case of Burdick v Cheadle, the landlord lessor, agreed with the lessee to put cornices, shelving, and fixtures in the premises leased, securely fastened to the wall of the building.

In the instant case the lessor landlord agreed with the lessee to repair the back steps leading to the back door of the premises leased.

In the Cheadle case the shelving and fixtures proved to be insecurely fastened and fell, hitting a customer invitee of the lessee, injuring him.

In the instant case, Maggie Rice, who was living with the lessee, was injured in going down the steps in question, which had not been repaired by the lessor.

In the Cheadle case the court held that the injured customer could not maintain the action since he was not in privity with the landlord lessor, notwithstanding his contract with the lessee to securely fasten the fixtures.

The facts in this case bring it directly within the rule of law declared in the Cheadle case, supra. We can see no distinction or distinguishing feature, justifying this court to depart from the law established in the Burdick-Cheadle case.

There are many statements in the opinion in the Burdick-Cheadle case affording comfort to the defendant in error. In fact in all such cases both parties plaintiff and defendant quote from the Cheadle case in support of liability or non-liability.

There are many cases subsequent to the

Cheadle case that have been decided by the Supreme Court, some of which seem to sustain the rule laid down in the Cheadle case, but containing statements which would seem to conflict.

It seems, therefore, that the law of Ohio as to liability in such cases is decidedly chaotic, due to the many different observations expressed by the Supreme Court in the decisions. However, in none of the cases has the decision in Burdick-Cheadle, supra, been disapproved, and that case is decisive of the question here.

It is suggested that the relationship of the party injured to the lessee removes the rule as to her, in that she was a member of lessee's household, she being the mother-in-law of the lessee.

Defendant in error in the application for rehearing cites the case of Lischner v Hahn, 173 NE, 424, a Massachusetts case. She also cites a Virginia case and a Washington case.

In the Massachusetts case the proposition is laid down that:

"Landlord's contract to repair is not limited to tenant personally, but includes all who within contemplation of the parties use premises under hiring."

This would be but another way of stating that the contract between the landlord and tenant inures to the benefit of all persons lawfully on the premises.

In our opinion this rule would greatly simplify the confused situation, and would be in line with the majority of the states. But the rule does not obtain in Ohio, and the case of Burdick v Cheadle, supra, is still the law. This court, of course, is not in a position to overrule the Supreme Court. We, therefore, adhere to our former decision.

The application for rehearing is denied.

ROSS, PJ, and CUSHING, J, concur.