MARGARET LISCHNER *vs.* ARTHUR HAHN, administrator.

Bristol.　　October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant*, Landlord's liability to third person, Agreement by landlord to make repairs, Common doorway. *Negligence*, Of person owning or controlling real estate.

At the trial of an action of tort against the owner of a building for personal injuries sustained by a child two and one half years of age, there was evidence that the plaintiff's father was a tenant of an apartment in the building; that, subsequent to the commencement of the tenancy, the defendant placed on the porch of the building a portable storm enclosure which was used in common by all the tenants; that a spiral spring had been attached by the defendant to the back of the door of the enclosure so that the door would close unless held open by a hook and eye; that on several occasions previous to the plaintiff's injury the door, to the knowledge of the defendant, had "closed with a strong push" of its own motion; that, at the defendant's request previous to the injury to the plaintiff, the plaintiff's father had agreed to pay and did pay an increased rent upon the defendant's agreeing, among other things, to fix the door so that it would not

close of its own motion; that when the defendant was replacing the storm enclosure previous to the plaintiff's injury, "he had carpenter's tools in his hands"; that thereafter, while the plaintiff was standing in the doorway of the enclosure, the door suddenly closed and threw him down the steps; and that two days later, without there having been any change in the condition of the enclosure, the hook, eye and spring were found to be improperly adjusted, so that the least vibration would release the door and permit it to close rapidly. The judge ordered a verdict for the defendant. *Held*, that

(1) The evidence warranted findings that the defendant agreed to repair the door in consideration of the payment of an increased rent by the plaintiff's father; and that the defendant made the repairs negligently;

(2) The duty which the defendant owed to the plaintiff's father in consequence of the agreement to repair was not confined to the father personally, but included all persons who, within the contemplation of the parties, were to use the premises under the tenancy;

(3) A verdict for the defendant should not have been ordered: a verdict for the plaintiff was warranted.

TORT. Writ dated December 19, 1924.

The action originally was against Jacob Hahn. Upon his death, the administrator of his estate was cited in to defend the action. Material evidence at the trial in the Superior Court before *Collins*, J., is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*M. Entin*, for the plaintiff.

*T. F. O'Brien & S. E. Bentley*, for the defendant.

CROSBY, J. The plaintiff, a minor two and one half years of age, while standing on the threshold of a porch of the building wherein her father was a tenant, was struck by the storm door, which closed suddenly, and was thrown down the steps, receiving severe injuries. This action is brought by her father as next friend to recover for such injuries.

The facts as shown by the record in substance are as follows: The plaintiff's father and his family occupied a tenement on the second floor of the building. The defendant's intestate (who will hereafter be referred to as the defendant) lived on the first floor. When the plaintiff became a tenant the storm porch had been removed

for the summer. It was a portable storm enclosure with a door on the porch used in common by all the tenants; the wooden walls were fastened to a balustrade around the porch by means of hooks laterally placed, and eyes. A spiral spring had been attached by the defendant to the back of the storm door so that the door would close unless held open by a hook and eye, the hook being screwed to the balustrade and the eye to the door.

Before the plaintiff was injured, the defendant told her father that he wanted an increased rental and the latter said that he was willing to pay the increased rent for his tenement provided, among other things, the defendant would fix the storm door so that it would not close of its own motion. The defendant agreed to do this and the plaintiff's father paid the increased rent. The door had on several occasions of its own motion " closed with a strong push"; this had been brought to the attention of the defendant by the tenant, and the defendant said he would repair it. There was evidence tending to show that on the day of the accident the plaintiff stood in the center of the doorway and suddenly the door " unlocked " and closed, striking her and causing her to be thrown down the steps. When the defendant was replacing the storm enclosure and door before the accident " he had carpenter's tools in his hands." Two days after the accident an expert carpenter examined the enclosure, the hook and eye and the spring on the door, and in the presence of the defendant said that the hook and eye on the door were improperly placed; that they were set horizontally and not perpendicularly; that the spiral spring had been tightened too much, and not in the proper way. The defendant then turned the hook and eye on the door so that the hook went into the eye " up and down."

There was evidence that the positions of the hook, eye and spring on the door were the same from the time of the accident to the time of the examination by the carpenter. There was further evidence that because of the improper attachment of the hook and eye the least vibra-

tion would release the hook, and the door would close of its own motion; that walking on the porch would cause sufficient vibration to loosen the door from the hook and the spring would rapidly close the door.

The evidence warranted findings that the defendant agreed to repair this door in consideration of the payment by the tenant of an increased rent; that in accordance with this agreement the increased rent was paid and the defendant undertook to make the necessary repairs; and that he made them negligently.

If these facts were found, a verdict could not properly have been directed as requested. *Galvin* v. *Beals*, 187 Mass. 250, 252. *Shute* v. *Bills*, 191 Mass. 433, 437. *Bergeron* v. *Forest*, 233 Mass. 392, 398, 400. The legal duty which the defendant owed the tenant by virtue of the contract to make repairs was not limited to the tenant personally "but includes all persons who within the contemplation of the parties were to use the premises under the hiring." *Bergeron* v. *Forest*, 233 Mass. 392, 398. *Feeley* v. *Doyle*, 222 Mass. 155, 157.

The result is that the motion for a directed verdict should have been denied, and the case submitted to the jury. In accordance with the terms of the report, the entry must be

*Verdict set aside.*
*New trial granted.*