FREDERICK D. ANDREWS *vs.* LEOMINSTER SAVINGS BANK.

HELEN E. ANDREWS *vs.* SAME.

Worcester.   September 23, 1936. — December 1, 1936.

Present: CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant*, Landlord's liability to tenant, Repairs. *Practice, Civil*, Opening statement to jury, Ordering verdict.

A verdict for the defendant rightly was ordered on a full opening statement of facts by the plaintiff which as a matter of law showed no cause of action.

No liability in tort arises from failure of a landlord to keep a general promise to repair made as part of an oral contract of letting.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 18, 1935.

Verdicts were ordered for the defendant by *Whiting*, J., on the opening statement to the jury by counsel for the plaintiffs. The plaintiffs alleged exceptions.

*S. M. Salny*, for the plaintiffs.

*C. C. Milton*, (*J. W. Healey & R. C. Milton* with him,) for the defendant.

CROSBY, J. These are actions of tort to recover for personal injuries sustained by the plaintiff in the second case, and for medical expenses incurred by her husband, the

plaintiff in the first case, as a result of the alleged negligence of the defendant as owner of a dwelling house in Leominster in this Commonwealth.

The following facts were stated by counsel for the plaintiffs in his opening to the jury: The rights of the parties arise out of a relationship of landlord and tenant. The defendant held a mortgage on the house and became the owner thereof by a foreclosure sale. The house at that time was out of repair, and was not ready to be occupied. A part of the inside was being remodelled. There were front and back piazzas; the latter "started at one side of the house and went around the other side." To reach the rear door of the downstairs tenement it was necessary to go up a flight of steps onto the back porch for a distance of ten or fifteen feet. To go to the upstairs tenement from the rear it was necessary to go up the same back steps, and then go up a flight of stairs. The plaintiff Frederick D. Andrews went to the defendant bank and talked with its president with reference to renting the house. His wife also talked with this bank officer. As a result of several conferences between the parties it was agreed that the defendant would rent the house to Andrews, who was to repair it; that the bank would furnish the material necessary to put the house in a suitable and safe condition; and that the defendant would make an allowance on the rent to be paid, and also would pay $2 a month for the work which Andrews performed. The original contract, whereby Andrews was to make the repairs, was terminated in September, 1932, and the bank by its officers agreed that it would thereafter look after the repairs and finish that which was left undone. The bank did in fact make certain repairs, some work was done on the inside of the house, the roof was repaired and some work was done on the front piazza. Thereafter there was no allowance of $2 a month on the rent and the new arrangement was in effect and continued for about two years — up to the time of the accident. On September 30, 1934, in the evening, the plaintiffs were on this back piazza. They went out the rear door together, and the wife turned back and went to the rear door; she then turned and

walked along the outside of the back piazza, and at a place where a board was decayed her foot went in and she fell down the stairs and was injured. The board that caused her to fall was in a part of the piazza that the defendant intended to repair. Counsel for the plaintiffs stated to the trial judge that he claimed that the defendant agreed to put the house in a safe condition, that whatever Andrews did was as the defendant's employee and agent, and that the defendant was negligent in failing to make proper repairs.

The trial judge ruled, in substance, that the opening of counsel for the plaintiffs did not warrant verdicts for the plaintiffs. In each case he allowed a motion filed by the defendant for a directed verdict in its favor, subject to the exception of the plaintiff.

It is to be assumed that the opening of counsel for the plaintiffs fully stated all the evidence upon which he relied. It does not appear that any material fact was omitted, or that anything would have been added to the opening by the offer of proof contained in an affidavit by counsel for the plaintiffs in support of motions to amend the declarations, filed by them in this court. The trial judge made it certain that all the facts upon which counsel for the plaintiffs relied were fully stated.

The defendant, in failing to make repairs on the back piazza where the plaintiff in the second case fell, is not liable for the injuries received by her. It was said in *Conahan* v. *Fisher*, 233 Mass. 234, at page 238: "The making of repairs by a landlord from time to time in response to the request of a tenant does not constitute an admission of responsibility on the part of the landlord." It was said by this court in *Fiorntino* v. *Mason*, 233 Mass. 451, at pages 452, 453, that the ordinary oral contract for tenancy at will, without further agreement, imposes no obligation upon the landlord to make repairs on the demised premises. "The tenant takes the premises as he finds them and there is no obligation on the landlord to make repairs . . . . The parties may agree that the landlord shall make necessary repairs during the tenancy and thus vary the rights

and obligations implied by the law as part of the ordinary relation of tenancy at will. An agreement to repair as a part of the letting is an agreement to make repairs on notice." The agreement by the defendant in September, 1932, to make repairs in the future did not give the plaintiffs the right to maintain an action of tort for failure to make repairs. It was contended by Andrews that he was the agent of the defendant when he made the repairs until September, 1932. If that was the relation between the parties it is plain that it was terminated at that time. The trial judge gave to the plaintiffs ample opportunity to state the facts upon which they relied to establish a cause of action against the defendant for alleged negligence in failure to repair the premises, but they failed to state any agreement by which the defendant could be found to be liable for negligence in failing to repair the premises or to make repairs at the place where the accident occurred. The cases are governed by *Fiorntino* v. *Mason*, 233 Mass. 451, *Galvin* v. *Beals*, 187 Mass. 250, and *Mulvaney* v. *Worcester*, 293 Mass. 32. The case of *Miles* v. *Janvrin*, 196 Mass. 431; *S. C.* 200 Mass. 514, and other cases cited by the plaintiffs are distinguishable in their facts from the cases at bar.

The motions filed in this court by the plaintiffs to amend the declarations are denied.

It follows that in each case the trial judge rightly directed a verdict for the defendant, and that the entry must be

*Exceptions overruled.*