FRANCES CLEARY *vs.* UNION REALTY COMPANY.

Suffolk.    April 6, 1938. — May 25, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Agency*, Scope of authority. *Landlord and Tenant*, Repairs, Landlord's liability to tenant. *Negligence*, In making repairs, Res ipsa loquitur.

One who let a store and thereafter collected the rent properly could be found to have had authority from the owner of the premises to promise the tenant to make repairs, to receive notice of a want of repairs and to make them.

A landlord was liable to a tenant at will in tort for personal injuries caused by negligence of the landlord in making repairs on the premises let in performance of a promise made to the tenant in the contract of letting, and on notice by the tenant of need of repairs.

The facts, that a transom over a door had remained undisturbed for a week after it was repaired and then fell without apparent cause, warranted a finding of negligence in making the repairs, whether the cause was one existing before the repairs or arose from the repairs.

TORT.    Writ in the Superior Court dated July 20, 1934.

A verdict for the plaintiff in the sum of $600 was returned before *Brogna*, J.    The defendant alleged exceptions.

*E. Z. Dymsza*, for the defendant.

*L. J. Reibstein*, (*M. J. Moskow* with him,) for the plaintiff.

LUMMUS, J.    The plaintiff hired as tenant at will a store from the defendant.    Over the door was a framed glass transom, hinged at the bottom.    It had a "push rod mechanism which one would push up or down to open and shut it," but the plaintiff always left the transom closed.

One day the transom fell, and remained hanging from the hinges until pushed back into place.    The plaintiff notified one Levin "of the Union Realty" Company, who

had let the store to her and collected the rent every month, and asked him to have the transom repaired. As a result "a man came over to repair the transom," and worked on it. There was no evidence as to just what he did. About a week after the repairs, as the door was being opened, the transom fell as before, hitting the plaintiff on the head.

The evidence warranted a finding that Levin was the authorized agent of the defendant in its dealings with the plaintiff. This is not a case of the grossly negligent making of repairs gratuitously undertaken. *Bergeron* v. *Forest*, 233 Mass. 392, 398. *Massaletti* v. *Fitzroy*, 228 Mass. 487, 509, 510. *Bell* v. *Siegel*, 242 Mass. 380. Compare *Buldra* v. *Henin*, 212 Mass. 275. Here there was evidence that as a part of the contract of letting Levin told the plaintiff that "he would take charge of all the repairing and painting of the store." Interpreting that as an agreement to repair upon notice (*Fiorntino* v. *Mason*, 233 Mass. 451, 453; *Giorgio* v. *DiLiegro*, 285 Mass. 383), the defendant would not be liable in tort for personal injuries caused by failure to repair. *Lane* v. *Raynes*, 223 Mass. 514, 515. *Fiorntino* v. *Mason*, 233 Mass. 451, 453. *Wallquist* v. *Rogers*, 237 Mass. 83. *Cormier* v. *Weiner*, 277 Mass. 518. *Sordillo* v. *Fradkin*, 282 Mass. 255, 257. *Andrews* v. *Leominster Savings Bank*, 296 Mass. 67. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236. *Rathgeber* v. *Kelley*, 299 Mass. 444, 445.

But the defendant could be held liable in tort for personal injuries caused by the negligent making of repairs undertaken by agreement. *Galvin* v. *Beals*, 187 Mass. 250. *Miles* v. *Janvrin*, 196 Mass. 431, 439. *Conahan* v. *Fisher*, 233 Mass. 234, 239. *Stumpf* v. *Leland*, 242 Mass. 168, 171. *Lischner* v. *Hahn*, 273 Mass. 259. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236, 241. See also *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 144. It was not necessary for the plaintiff to show that the cause of the injury was some defect that originated at the time of the repairs, and not one that existed before and survived the repairs. See *Hyatt* v. *Phillips*, 294 Mass. 375, 378; *Martin* v. *Rich*, 288 Mass. 437. The distinction

between nonfeasance and misfeasance is not to be drawn with such refinement. The fact that the transom, undisturbed since the repairs, fell without apparent cause, warranted a finding of negligence in the making of the repairs. The verdict for the plaintiff was warranted by the evidence. We find no error as to evidence.

*Exceptions overruled.*