AUGUSTA DIAMOND *vs.* MAX SIMCOVITZ.

BENJAMIN DIAMOND *vs.* SAME.

Hampden. September 18, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Time of letting, Repairs. *Negligence,* In making repairs.

Evidence warranted a finding that, after the purchaser of a dwelling had permitted the former owner to remain in possession during negotiations with him as to terms of a letting, he finally agreed to make certain repairs as a part of such terms, and consequently became liable to a member of the tenant's family for personal injuries sustained through negligence in making the repairs.

TWO ACTIONS OF TORT. Writs in the Superior Court dated September 9, 1937.

Verdicts were ordered for the defendant by *Leary,* J.

The cases were submitted on briefs.

*J. E. Kerigan,* for the plaintiffs.

*J. B. Cowett,* for the defendant.

RONAN, J. The plaintiff Augusta Diamond, a member of the family of one Shapiro, the tenant, seeks to recover. from the defendant landlord for personal injuries sustained on May 26, 1937, when the railing on a second story piazza, which she alleges the defendant had assumed a contractual liability to repair and had then repaired in a negligent manner, gave way and caused her to fall to the ground. The second action is brought by her husband to recover consequential damages. The plaintiffs excepted to the direction of verdicts for the defendant.

There was evidence that for a number of years prior to November 17, 1936, the property, which consisted of two dwelling houses each accommodating two families, was owned by Shapiro, who occupied a tenement in one of these houses; that the defendant got a tax deed from the city of Springfield on the last mentioned date; and that, having subsequently purchased the premises at a foreclosure sale of a mortgage, he received a foreclosure deed on December 17, 1936. The testimony discloses three conversations between Shapiro and the defendant in reference to Shapiro continuing in occupancy of the premises and becoming the defendant's tenant, and that, as a result of some or all of these conversations, the relation of landlord and tenant was created, and that it existed at the time of the accident. There was sufficient evidence to warrant a finding that, upon being notified of the condition of the railing upon the second story piazza, the defendant sent a man either in December, 1936, or about the first of May, 1937, to repair the railing, the ends of which next to the post were loose and "looked weak there because it was all rusted from the nails and everything, the wood, that was a little bit rotted away"; that the repairs consisted of nailing the railing to the post; and that after the repairs were made the railing was "still shaky." The jury could find that the repairing of the railing was negligently done and that if this work had been properly performed the accident would not have occurred. *Hyatt* v. *Phillips*, 294 Mass. 375. *Cleary* v. *Union Realty Co*. 300 Mass. 312.

The principal controversy between the parties is in reference to the terms of the letting. Shapiro testified that he saw the defendant on November 20, 1936, when he told the defendant that he would pay $70 a month rent and the defendant said he would fix up the house; that he paid the defendant $60 then and the balance the next day; that the tenant agreed to pay the charges for water; that the defendant came about a week before Christmas for the second month's rent, which he (Shapiro) paid the defendant after the latter said that he would fix up whatever was necessary to be done. But upon cross-examination Shapiro testified,

in substance, that the agreement to make repairs was not made until after the tenancy had begun and at the time he paid the second month's rent. The plaintiff Augusta testified that, when the defendant came to collect the second month's rent from Shapiro, her father, in December, 1936, her father asked him whether he would make the necessary repairs if they agreed upon the rental; that the defendant told her father that he would do whatever was necessary and her father then agreed to pay $70 a month and the water bills.

The negligent making of repairs by a landlord upon a part of the demised premises does not of itself impose any liability upon a landlord, *Shepard* v. *Worcester County Institution for Savings*, 304 Mass. 220, *Hannon* v. *Schwartz*, 304 Mass. 468, but the making of such repairs becomes material when the circumstances under which they were made show that the work was performed in pursuance of a duty originating from a binding agreement between the parties. *Feeley* v. *Doyle*, 222 Mass. 155. *Withington* v. *Rome*, 258 Mass. 188. *Lischner* v. *Hahn*, 273 Mass. 259. *Tashjian* v. *Karp*, 277 Mass. 42. The jury could find, as the defendant contends, that the tenancy was created on November 20, 1936; that by its terms no obligation to make repairs was assumed by the defendant; and that when the defendant agreed in December to make repairs that was a gratuitous undertaking which imposed a liability in tort to the tenant only, and then only if the repairs were made in a grossly negligent manner. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Bergeron* v. *Forest*, 233 Mass. 392. *Bell* v. *Siegel*, 242 Mass. 380. *Bailey* v. *First Realty Co.* 305 Mass. 306. But the credibility of Shapiro and of the plaintiff Augusta was for the jury, *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, *Ruane* v. *Doyle*, 308 Mass. 418, and assuming, as we must in passing upon the correctness of the ruling directing verdicts for the defendant, that the jury had the right to consider their testimony in the light most favorable to the plaintiffs, then it is plain that they could find that Shapiro, who had continued in occupancy of the property after the defendant became the owner, did not finally agree

with the defendant upon all the terms of the letting until sometime in December, when the parties agreed upon the amount of rent, the payment of water charges, and the making of repairs. If the jury adopted this view of the evidence, then the cases would come within the general rule that a landlord, who is bound by his contract of letting to repair the demised premises and does so negligently, is liable to the tenant or any member of his household who has sustained personal injuries on account of such negligence. *Domenicis* v. *Fleisher*, 195 Mass. 281. *Fiorntino* v. *Mason*, 233 Mass. 451. *Miles* v. *Boston, Revere Beach & Lynn Railroad*, 274 Mass. 87, 91. *Connery* v. *Cass*, 277 Mass. 545. *Giorgio* v. *DiLiegro*, 285 Mass. 383, 387. *Cleary* v. *Union Realty Co.* 300 Mass. 312. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136. *Skolnick* v. *East Boston Savings Bank*, 307 Mass. 1.

In each case, it is ordered,

*Exceptions sustained.*