KATHERINE E. SAWYER *vs.* LOTTIE B. ATHERLEY.

Middlesex.     November 6, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Repairs. *Negligence*, Repairs.

A landlord of a single family dwelling could not be found liable to the wife of the tenant in an action of tort for personal injuries sustained through a defective step in a stairway on evidence showing that the landlord at the time of the letting agreed with the tenant to make repairs and made some repairs on the stairway shortly before the accident, but not showing that he did any repairing of the step in question.

TORT. Writ in the Superior Court dated September 29, 1938.

The action was tried before *Leary*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*P. J. Duane*, for the plaintiff.

*R. W. Reardon*, (*G. H. W. Hayes* with him,) for the defendant.

COX, J. The plaintiff lived with her husband and children as tenants in a single family dwelling that was owned by the defendant. It could have been found that as she was descending the outside stairs, consisting of six or seven steps, a "step just came off the riser," and she fell, thereby sustaining her injuries. When the dwelling was hired, the defendant told the plaintiff's husband that if there were any minor repairs to be made, one Hyde, who seems to have been her agent, would attend to them. "Anything that was within reason he would see that it was done."

About a week or two before the plaintiff fell "the steps" were repaired. At that time Hyde came for the rent and the plaintiff noticed that the steps were "just loose." Hyde nailed them on and said they "would be all right from then

on." The step that caused the plaintiff to fall was the third or fourth from the bottom. There was no other evidence as to the nature of the repairs that Hyde made, and nothing to show that he had made any repairs on the step that caused the plaintiff to fall.

The plaintiff cannot recover unless it appears that the landlord had agreed to repair, that repairs were negligently made, and that that negligence caused the plaintiff's injuries. *Conahan* v. *Fisher*, 233 Mass. 234, 239. *Fiorntino* v. *Mason*, 233 Mass. 451, 453. The mere failure to repair furnishes no basis for an action of tort for personal injuries caused by such failure. *Bailey* v. *First Realty Co.* 305 Mass. 306, 307, and cases cited. It could have been found that the defendant agreed to make repairs and that Hyde made some on the steps. But where, as here, the jury would not have been warranted in finding that any repairs were made on the step that caused the plaintiff to fall, there was no error in the allowance of the defendant's motion for a directed verdict, the exception to which presents the only question. The case is distinguishable from *Cleary* v. *Union Realty Co.* 300 Mass. 312.

*Exceptions overruled.*