WALDO BLOOD *vs.* GEORGE T. DEWEY, JUNIOR.

Worcester. January 4, 1944. — February 16, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Contract of letting, Repairs, Landlord's liability to
tenant or his family or his invitee. *Contract,* Consideration. *Negli-
gence,* Repairs.

Evidence warranted a finding of consideration for a promise to repair
the roof of store premises, given by the owner to one with whom he
had made an oral agreement of letting, before his entry under such
agreement and upon his discovery of a leaking condition of the roof
and his representing in substance that such condition made the prem-
ises untenantable for his purposes; and, upon the tenant's subsequent
entry relying on such promise, the promise became binding upon the
owner.

Negligent performance of repairs made by a landlord pursuant to a bind-
ing agreement with the tenant to make them, resulting in damage to
the tenant's goods, was ground for an action of tort by the tenant
against the landlord.

At the trial of an action of tort for damage resulting from improper per-
formance by a landlord of an agreement to repair a roof, where there
was a conflict of evidence on the question whether there was a bind-
ing promise to make the repairs, it was proper to refuse to instruct
the jury that a "landlord who promises to make repairs and under-
takes to make them and is negligent in doing his work is liable to the
tenant for all damages sustained thereby."

On evidence that a landlord attempted to repair a leak in the roof pursuant to a promise made to a tenant before his entry, it was proper to refuse to give an instruction that "if the condition of the roof was such that extensive repairs were needed and the repairs made were not adequate, then the failure to make adequate [repairs] would be negligence."

TORT. Writ in the Superior Court dated August 30, 1940.

The case was tried before *Donnelly*, J.

There was evidence that the repairs to the roof, described in the opinion, although promised before, were made after entry by the plaintiff.

The requests for instructions mentioned in the opinion were as follows: "3. A landlord who promises to make repairs and undertakes to make them and is negligent in doing the work is liable to the tenant for all damages sustained thereby. 4. If the condition of the roof was such that extensive repairs were needed and the repairs made were not adequate, then the failure to make adequate [repairs] would be negligence."

*N. H. Proctor*, for the plaintiff.

*L. E. Stockwell & C. N. Dewey*, for the defendant, submitted a brief.

RONAN, J. The plaintiff, a tenant at will of the defendant, occupying a store for the sale of paints and wallpaper, seeks in this action of tort to recover damages to his stock in trade caused by a leak in the tin roof over the rear portion of the store, which he alleges arose from the negligent repair of the roof which the defendant undertook to repair in accordance with an agreement made with the plaintiff. The front part of this store occupied a part of the ground floor of a four-story building, and the rear part of the store was located in a one-story addition, built onto and extending from the main building. The jury returned a verdict for the defendant. The plaintiff excepted to certain portions of the charge and to the refusal to grant two requests for instructions.

There was evidence that the plaintiff, in November, 1935, agreed with the defendant to hire the store at a rental of

$50 a month, possession to be taken in December when the then tenant vacated and the rent to be payable in advance commencing January 1, 1936. Shortly thereafter, the plaintiff notified the defendant that he had learned from the tenant that there was a leak in the skylight over the rear of the store, and that he could not move a stock of wallpaper into the store with the roof in that condition. The defendant promised to repair the roof. The plaintiff relied upon that promise and began to move in about the middle of December. The defendant had a roofer, one Doran, repair the leak. After that, from time to time, there were different leaks in various places in this tin roof. On March 18, 1936, there was an extraordinarily heavy rainfall of nearly five inches, and large quantities of water came from the leaks in the tin roof and damaged the plaintiff's wallpaper. The next morning there were six or seven inches of water on the floor. There was a hole in the roof at the same place where patches had been put on by the roofer.

Upon this evidence, it could be found that the plaintiff refused to perform the first oral agreement of hiring unless the defendant agreed to repair the roof over the rear of the store, that the defendant agreed to do so, and that the plaintiff entered and occupied the premises and agreed to pay the rent.

The defendant, upon the refusal of the plaintiff to take possession, could terminate the agreement or he could agree to repair the roof and secure the plaintiff as a tenant. The jury could find that the parties had waived the first agreement and substituted a new one or that the first agreement was modified by the second, and that the plaintiff relying upon the second agreement entered upon the premises and became a tenant of the defendant. In either event, it could be found that the second agreement rested upon sufficient consideration. *Munroe* v. *Perkins*, 9 Pick. 298. *Thomas* v. *Barnes*, 156 Mass. 581. *Taylor* v. *Finnigan*, 189 Mass. 568. *Earnshaw* v. *Whittemore*, 194 Mass. 187. *Bergeron* v. *Forest*, 233 Mass. 392. *Conroy* v. *Toomay*, 255 Mass. 87. *Withington* v. *Rome*, 258 Mass. 188. *Tashjian* v. *Karp*, 277 Mass. 42.

· Upon the occupancy of the store, the executory agreement which was theretofore unenforceable by either party became an executed agreement imposing binding obligations upon each party. *Miles* v. *Janvrin,* 200 Mass. 514. *Flanagan* v. *Welch,* 220 Mass. 186. One of the terms of the agreement which resulted in the plaintiff taking possession and becoming a tenant of the defendant could be found to be the repair of the roof. If the defendant in accordance with a binding agreement undertook to repair the roof but performed the work in a negligent manner, and as a result of such negligence the plaintiff's wallpaper was damaged, then a liability for such damage would be established. *Feeley* v. *Doyle,* 222 Mass. 155. *Lischner* v. *Hahn,* 273 Mass. 259. *Connery* v. *Cass,* 277 Mass. 545. *Cleary* v. *Union Realty Co.* 300 Mass. 312. *Skolnick* v. *East Boston Savings Bank,* 307 Mass. 1. *Diamond* v. *Simcovitz,* 310 Mass. 150.

The defendant testified that he did not make any agreement to repair the roof, and the auditor found that the defendant did not agree to repair. If there was no agreement to repair, the repair job done by Doran was a gratuitous undertaking, and no liability would follow the execution of the work unless it was done in a grossly negligent manner. *Bergeron* v. *Forest,* 233 Mass. 392. *Bell* v. *Siegel,* 242 Mass. 380. *Bailey* v. *First Realty Co.* 305 Mass. 306. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177. There was no evidence of such negligence. The jury, however, could consider all the evidence, including that which was contradictory to the findings of the auditor. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. If they believed the plaintiff's testimony, they could find that there was a hole in the roof at the time of the leak in March, 1936, at the same place that Doran had repaired about two months before. Whether the defendant did or did not agree to repair the roof and, if he did, whether the work was properly or negligently done were questions of fact for the jury. A repair job which stops a leak for only ten weeks and then leaves exposed to the weather a hole in the roof might be inferred to have been done in a negligent manner. *Shute* v. *Bills,* 191 Mass. 433, 437. *Feeley* v. *Doyle,* 222 Mass.

155, 156. *Bergeron* v. *Forest,* 233 Mass. 392, 399. *Lischner* v. *Hahn,* 273 Mass. 259. *Connery* v. *Cass,* 277 Mass. 545, 550. *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313. *Skolnick* v. *East Boston Savings Bank,* 307 Mass. 1, 2. *Diamond* v. *Simcovitz,* 310 Mass. 150, 151.

The judge was wrong in charging the jury that there was no consideration for any promise of the defendant to repair the roof. He was right in refusing the plaintiff's third and fourth requests for instructions. The third request was ·broad enough to include a gratuitous repair, and it did not correctly state the principle of law governing liability of a landlord who had negligently made. such a repair. *McNeill* v. *Home Savings Bank,* 313 Mass. 664, 668. The fourth request was to the effect that if the condition of the roof was such that extensive repairs were needed and the repairs made were not adequate, then the failure to make adequate repairs would be negligence. The defendant promised to make only such repairs as were necessary at the time he had Doran repair the roof. He did not agree to keep the roof in repair during the duration of the plaintiff's tenancy. Moreover, the defendant could not be held liable in tort for any mere failure to repair. He could be held liable only for the negligent making of repairs. Finally, the failure to make adequate repairs would not in and of itself constitute negligence. *Cormier* v. *Weiner,* 277 Mass. 518. *Sordillo* v. *Fradkin,* 282 Mass. 255. *Andrews* v. *Leominster Savings Bank,* 296 Mass. 67. *Trainor* v. *Keane,* 304 Mass. 466. *Bailey* v. *First Realty Co.* 305 Mass. 306. *Sawyer* v. *Atherley,* 312 Mass. 596.

*Exceptions sustained.*