THOMAS E. LUOMA & another *vs.* SOCONY-VACUUM OIL COMPANY, INCORPORATED.

Worcester. September 27, 1954. — December 28, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Repairs, Nuisance. *Evidence,* Interrogatories. *Nuisance.*

The owner of a gasoline filling station leased to one whose employee sustained personal injuries in a fire caused by a defective sump pump in a greasing pit which the employee was cleaning was not liable to the employee in an action of tort on the ground that the lease obliged the owner to repair the equipment of the station and that he had been negligent in making repairs of the pump, where there was no evidence that the pump had been repaired after the date of the lease. [103–104]

Answers to interrogatories introduced in evidence by the interrogating
party bind him in the absence of other evidence more favorable to
him. [104]

The owner of a leased gasoline filling station was not liable to an em-
ployee of the lessee for injuries sustained in a fire on the premises
alleged to be due to equipment which at the time of the letting was
in such a condition as to constitute a nuisance and which had con-
tinued in that condition until the occurrence of the fire a few months
later. [104]

TORT. Writ in the Superior Court dated December 15,
1947.

The action was tried before *Warner, J.*

*Francis George,* (*Sumner W. Elton* with him,) for the de-
fendant.

*Alphonse San Clemente,* for the plaintiffs.

WILKINS, J. This is an action of tort by a minor, here-
inafter called the plaintiff, to recover for burns sustained in
a fire allegedly caused by the defendant's negligence in a
greasing pit in a gasoline filling station in Westminster
owned by the defendant and operated by the plaintiff's
employer under lease from the defendant. There is a count
for consequential damages by the plaintiff's father. The
jury returned verdicts for the plaintiffs. The defendant
excepted to the denial of its motion for directed verdicts.

On the evidence the jury could find these facts. On
May 23, 1947, the plaintiff, then nineteen years of age, was
employed by one Niemi as an attendant to sell gasoline,
service automobiles, and do cleaning around the station.
The greasing pit, made of concrete, was about four feet
wide, twenty-two feet long, and five feet deep. Leading
into the pit at the back was a steel stairway beneath which
was a sump pump set in a steel barrel recessed into the floor
about three feet and piped to a drain. The pit was always
dirty with oil, grease, and the like, and always contained
gasoline fumes. The pump, although so designed, had
ceased to work automatically when the plaintiff first went
to work in January, 1947, and in order to start the pump to
drain off the fluids in the barrel, one had to lift a lever lo-
cated about eight or nine inches above the floor. The

plaintiff had cleaned the pit approximately every two weeks. On the morning of May 23 he was in the pit with a broom sweeping. Finding water, he lifted the lever and immediately came a flash and an explosion, followed by a fire.

Niemi had operated the station under lease from the defendant since early 1945. The lease in effect at the time of the accident was dated December 23, 1946, to take effect beginning February 1, 1947, and provided: "4. Landlord agrees . . . to repair such buildings and equipment to the extent deemed necessary by it to keep same in operating condition, provided the necessity therefor is not, in Landlord's opinion, due to negligence or misconduct of Tenant or Tenant's agents or employees. Landlord's obligation to repair will not arise until: (i) Landlord is notified in writing that the item in question is not in good operating condition and (ii) Landlord shall have determined in its uncontrolled discretion and within a reasonable period that the repair is necessary and that the need is not due to the aforesaid negligence or misconduct. Tenant shall make the item harmless and shall not use or permit anyone else to use it until repaired." "8. . . . The right of the Landlord to insist on strict performance shall not be affected by any waiver or previous course of dealing."

The plaintiff contends that the jury could find that this case comes within the general rule that a landlord is liable in tort for personal injuries caused by the negligent making of repairs undertaken by agreement. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236, 239. *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313. *Diamond* v. *Simcovitz*, 310 Mass. 150, 153. *Koleshinski* v. *David*, 328 Mass. 276, 279. The duty thus owed by the landlord is not limited to the tenant but includes all persons who within the contemplation of the parties were to use the premises under the lease. *Feeley* v. *Doyle*, 222 Mass. 155, 157. *Miles* v. *Boston, Revere Beach & Lynn Railroad*, 274 Mass. 87, 91. *Levins* v. *Theopold*, 326 Mass. 511, 512. The difficulty with this contention is that there was no evidence from which the jury could find that the pump had been repaired after

the date of the lease. *Baum* v. *Ahlborn,* 210 Mass. 336. The plaintiff put in evidence the defendant's answers to interrogatories to the effect that repairs were made on March 13, 1946, and in the fall of 1946. There being no other evidence more favorable to the plaintiff, he is bound by the answers. *Falzone* v. *Burgoyne,* 317 Mass. 493, 495. *Meunier's Case,* 319 Mass. 421, 423. *Gannon* v. *Summerfield Co.* 323 Mass. 25, 26–27.

The lease is not one which imposes liability for failure to make repairs upon notice. *Fiorntino* v. *Mason,* 233 Mass. 451, 453. *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313. We do not reach questions arising out of the evidence that the only notices to repair were oral and not in writing as required by the lease or questions as to the effect of the non-waiver provision. Neither are we faced with any question as to the effect of G. L. (Ter. Ed.) c. 186, § 15, inserted by St. 1945, c. 445, § 1.

The plaintiff also argues that the defendant can be held liable on the theory of letting a nuisance. "But it is not a tort as against the tenant for a landlord to demise to him premises in such a condition that they are a nuisance. . . . And it is no more a tort as against the tenant and those entering under him to authorize him to continue the premises in that condition than it is to let such premises to him." *Miles* v. *Janvrin,* 196 Mass. 431, 437. *Pizzano* v. *Shuman,* 229 Mass. 240, 243. *Garland* v. *Stetson,* 292 Mass. 95, 103. In *Whalen* v. *Shivek,* 326 Mass. 142, 153–154, the liability was to a third person injured outside the premises. See Prosser on Torts, 652.

*Exceptions sustained.*
*Judgments for the defendant.*