*Municipal Court of the City of Boston*

## No. 1147

### HANNAH LANGENTHAL
#### v.
### FRANK WALTERS, ET AL

(October 7 — November 25, 1960)

*Present:* Gillen, J. (Presiding), Lewiton and Roberts, JJ.

Case tried to *Adlow, C. J.*

*Lewiton, J.* In this action of tort the plaintiff seeks to recover for injuries received when she was struck by a falling venetian blind in an office in which she was employed. The trial court, after denying several of the defendant's requests for rulings, found for the plaintiff.

*There was evidence from which the following facts could be found:* The office in which the plaintiff was injured is part of a suite of offices occupied by her employer under a written lease from the defendant, Sixty-Eight Devonshire, Inc. (hereinafter referred to as the defendant). While occupancy under this lease commenced on July 1, 1957, it appears that the plaintiff's employer had written to the defendant on May 17, 1957 requesting "that the suite be provided with uniform venetian blinds in all of the windows." Before July 1, 1957, not all the windows in the suite had venetian blinds, but on that date there were blinds in all the windows.

The manager of the defendant testified that after receiving the aforementioned request from the plaintiff's employer, he engaged Rit-Mar Shade and Screen Co. to put blinds on the windows that were not already so equipped. He further testified that he believed that the office in which the accident happened was equipped with venetian blinds before any lease negotiations with the plaintiff's employer, and that blinds were not in-

stalled in that office at the request of the plaintiff's employer.

There was further evidence from which the court could find that the blind which fell on the plaintiff was not adequately secured in that it should have been affixed at one point by two screws whereas it was apparently affixed with only one screw.

The lease provided that the lessor would not be obliged to make any improvements, alterations or repairs upon the leased premises.

At the close of the evidence and before arguments the defendant submitted the following requests for rulings which were denied.

"(1) The evidence does not warrant a finding that the defendant, its agents or servants was negligent."

"(5) The evidence does not warrant a finding other than that the accident occurred upon premises demised to Edward Gibbs, Jr. & Co."

"(7) The evidence does not warrant a finding that the plaintiff was injured because of a hidden defect which was known, or which reasonably ought to have been known, by the defendant at the beginning of the tenancy of Edward Gibbs, Jr. & Company."

The trial court then made the finding that "at the time of leasing, the venetian blind had been negligently installed and that this condition should have been known by the defendant."

The principles of law applicable to this case are well settled and are to be found in numerous decisions of our Supreme Judicial Court.

Where as part of the letting the landlord agrees to make repairs in the demised premises and does the work negligently, as the result of which the tenant is injured, recovery may be had from the landlord for the resulting injuries. *Koleshinski v. David,* 328 Mass. 276, 279; *Blood v. Dewey,* 315 Mass. 500, 503; *Diamond v. Simcovitz,* 310 Mass. 150, 153. See: *Luoma v. Socony-Vacuum Oil Co., Inc.,* 332 Mass. 101, 103.

Furthermore, the duty thus owed by the landlord is not limited to the tenant but includes all persons, who within the contemplation of the parties were to use the premises under the lease. *Diamond v. Simcovitz,* 310 Mass. 150, 153; *Luoma v. Socony-Vacuum Oil Co., Inc.,* 332 Mass. 101, 103; *Levins v. Theopold,* 326 Mass. 511, 512; *Brown v. A. W. Perry Co.,* 325 Mass. 479, 480-81; *Feeley v. Doyle,* 222 Mass. 155, 157.

On the other hand, it is equally well settled, that in general, neither the tenant nor any person claiming under him can recover against the landlord for injuries caused by the defective condition of the demised premises, unless the landlord agrees to repair, makes the repairs, and is negligent in making them. *Ackarey v. Carbonaro,* 320 Mass. 537, 539; *Sawyer v. Atherly,* 312 Mass. 596, 597; *Stump v. Leland,* 242 Mass. 168, 171.

■ A qualification to this rule is that if the landlord knows of some hidden defect in the demised premises, or is aware of facts from which he should realize the dangerous condition of the premises, and if the tenant is ignorant thereof, then the landlord is under obligation to give notice thereof to the tenant, and if he fails to do so the landlord may be held liable for injuries arising from such failure. *Ackarey v. Carbonaro,* 320 Mass. 537, 539; *Pittsley v. Acushnet Saw Mills Co.,* 299 Mass. 252, 253-4; *Stump v. Leland,* 242 Mass. 168, 171.

■ We are unable to conclude from the report in this case whether the foregoing principles of law were correctly applied to the facts. The trial judge made no express finding as to whether any work was done by the defendant or by Ritmar Shade and Screen Co. at its request, on the venetian blind which is claimed to have fallen on the plaintiff. While the court found that "at the time of letting the venetian blind had been negligently installed, and that this condition should have been known by the defendant" we are not able to determine whether this conclusion was based on an implied finding that this blind was in fact installed by the defendant or its agents in consequence of Gibbs' request, or whether it was based on an implied finding that a pre-existing installation was negligent and dangerous and that the defendant is for some reason chargeable with knowledge thereof, of which he should have warned the

tenant. If it was the latter, the conclusion would not be supported by the reported evidence, particularly with respect to the matter of knowledge of the alleged defect by the defendant.

Moreover, all of the reported evidence indicates that the accident occurred on the premises demised to the plaintiff's employer, but a requested ruling (No. 5) to this effect was denied. We cannot be certain what effect, if any, this error may have had on the ultimate conclusions.

In view of the foregoing we conclude that the finding for the plaintiff should be vacated and a new trial ordered.

*Finding for the plaintiff vacated. New trial ordered.*

Arthur J. Charney of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick of Boston, for the Defendant.