MAUREEN ANN BERGER & another *vs.* WILLIAM STONER.

Hampden. May 4, 1970. — June 12, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Repairs.

A landlord was not liable in tort for personal injuries sustained by a tenant when her hand went through a pane of glass of a sticking door on the premises let as she tried to close it where there was evidence that the landlord had agreed to make repairs but no evidence that planing of the door which the landlord had done when the door had stuck about two months before the accident was done negligently or that there was any connection between such planing and the accident.

TORT. Writ in the Superior Court dated April 24, 1964. The action was tried before *Noonan,* J.

*Edward V. Leja* for the defendant.

*Morton J. Sweeney* for the plaintiffs.

QUIRICO, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff Maureen Ann Berger when her hand went through a pane of glass in a door to a two-room bungalow owned by the defendant and rented by the plaintiff and her husband, Romaine Berger. The declaration was in five counts, the first of which was waived in open court. Counts 2 and 4 are brought by Mrs. Berger. In count 2 she alleges that the defendant

was negligent in "suffering and permitting the door of a certain furnished apartment to be in a dangerous, defective and unsafe condition . . . ." In count 4 she alleges that the defendant agreed to repair the door and that he repaired it negligently thus causing injury to her. Counts 3 and 5 make the same allegations, respectively, on behalf of Berger who seeks recovery for consequential damages. The jury found for the plaintiffs on counts 2 and 4 in the sum of $5,000 and on counts 3 and 5 in the sum of $700. The defendant duly took exceptions to the denial of his motion for directed verdicts, to part of the judge's instructions to the jury, and to the denial of his motion for a new trial presented after the verdicts. The case is before us on the defendant's substitute bill of exceptions.

The defendant's motion for directed verdicts raises the issue whether the evidence viewed in the light most favorable to the plaintiffs supports their causes of action. See *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302; *Mazzaferro* v. *Dupuis,* 321 Mass. 718, 719; *Howes* v. *Kelman,* 326 Mass. 696, 697. Pursuant to this rule, we summarize the evidence most favorable to plaintiffs' contentions. On July 20, 1963, the plaintiffs saw the defendant and his wife for purposes of renting a two-room furnished bungalow. There was conversation about the terms of the tenancy and the defendant said he would take care of all the repairs and fixtures and anything that needed to be done in the house and outside. Shortly thereafter the plaintiffs moved into the bungalow as tenants at will. The door involved in this case was a side door opening from the outside into the kitchen. It had a fourpane window located in the upper half of the door. If one were to face the door while in the kitchen, its doorknob would be on the left and its hinges on the right. When the plaintiffs moved in the door worked properly, but around the end of September or the beginning of October, the upper edge of the door on the doorknob side started to stick where the edge of the door met the door jamb. Mrs. Berger told the defendant about the problem and he said he would look at it. About

three weeks later, in late October, the defendant planed the edge of the door after removing it from its hinges and placing it on horses. Thereafter the door worked properly for about two weeks but then it again started sticking from time to time until the date of the accident. Mrs. Berger notified the defendant of the problem when the sticking resumed, but he never did anything about it. On the afternoon of December 23, 1963, the plaintiffs went shopping. When they returned home, Berger opened the door and went into the house. Mrs. Berger followed him and put down the bundles. She then attempted to close the door. She had difficulty so she put her left hand on the doorknob and her right hand "in the middle of the four panes of glass" and tried to close the door. The wooden strips separating the panes of glass were wet. Her hand slipped and went through the lower right pane of glass in the door she was closing, as well as through the glass in the storm door, causing a laceration of that hand and wrist which required medical treatment and four days of hospitalization.

On this evidence it was error to deny the defendant's motion for directed verdicts. It has long been the law in this Commonwealth that a tenant cannot recover against his landlord for personal injuries caused by a defective condition of the premises let, as distinguished from an area used in common by several tenants, unless the landlord agrees to make repairs, makes the repairs and is negligent in making them. *Galvin* v. *Beals*, 187 Mass. 250, 252–253. *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313, and cases cited. *Koleshinski* v. *David*, 328 Mass. 276. While the jury could find that the defendant agreed to make all necessary repairs and in fact repaired the door so that for a period of time it did not stick, there is no evidence from which to infer he was negligent in making the repairs. There is nothing in the record to permit the inference of any connection bebetween the defendant's planing of the door in late October and the injury to Mrs. Berger on December 23, 1963. It is in this important respect that the facts of this case differ

from those of *Cleary* v. *Union Realty Co., supra,* and *Koleshinski* v. *David, supra,* relied on by the plaintiffs. Although the same rule of law is applicable to all three cases, the difference in the facts produces a difference in results.

It should be noted that this is not an action in contract for breach of an agreement to make repairs, nor is it an action in tort for alleged negligence in failing to make repairs after notice of the need therefor. See *Tuttle* v. *Gilbert Mfg. Co.* 145 Mass. 169; *Miles* v. *Janvrin,* 196 Mass. 431; *Lane* v. *Raynes,* 223 Mass. 514; *Fiorntino* v. *Mason,* 233 Mass. 451; *Ryerson* v. *Fall River Philanthropic Burial Soc.* 315 Mass. 244.

Since we hold that it was error to deny the defendant's motion for directed verdicts on all counts, we need not consider the defendant's remaining exceptions to a portion of the judge's instructions to the jury and to his denial of a motion for a new trial.

      *Exceptions sustained.*
      *Judgments for the defendant*
       *on counts 2, 3, 4 and 5.*