*Northern District*

No. 8155

**BULOVA WATCH COMPANY, INC.**

v.

**ALBERT HANSEN**

Argued: Jan. 17, 1974 - Decided: Apr. 12, 1974

*Present:* Cowdrey, P.J., Flynn & Flaschner, JJ.

Case tried before *Doyle, J.* in the Second District Court of Eastern Middlesex (Waltham). No. 9405.

**Flaschner, J.** Action in contract for goods sold and delivered. The only question between the parties at the time of the trial was whether the goods represented by the balance of the account claimed by the plaintiff to be due were in fact returned by the defendant and accepted by the plaintiff. The only evidence introduced consisted of plaintiff's interrogatories, further interrogatories and notice to admit facts, and defendant's answers thereto. Among the de-

fendant's answers to interrogatories were the following:

"9. All of the merchandise was paid for or returned to the plaintiff.

14. I returned all of the merchandise and have receipts for it, for which they are now claiming payment.

17. I made two payments and returned all of the merchandise and have receipts for the merchandise.

24. I returned all unsold merchandise to Bulova Watch Co., Flushing, N.Y. and have the receipts therefor."

The judge found for the defendant and denied plaintiff's requests for rulings which included requests that a finding for the defendant is not warranted and a finding for the plaintiff warranted. The judge made no findings of fact. The report puts in issue the denial of these requests.

There was no error. No issue of credibility was involved. The plaintiff was bound by the defendant's answers to interrogatories introduced by the plaintiff in the absence of any contradictory evidence. *Tanguay* v. *Wood Conversion Co.*, 347 Mass. 530, 533. *Luoma* v. *Socony Vacuum Oil Co., Inc.*, 332 Mass. 101, 104 and cases cited.

The plaintiff did not ask the defendant to produce the receipts. The defendant's testimony was not subjected to ·cross-examination. The plaintiff offered no evidence other than

defendant's answers to interrogatories, further interrogatories and the notice to admit facts. These answers contained no statements contradictory or inconsistent with the answers quoted above.

It is true, as the plaintiff contends, that the denial of the requests raised a question of law, since the denial was tantamount to a ruling that the defendant was entitled as a matter of law to a general finding. However, this is the case of "the most conspicuous example" where it would have been "legal error to rule that the evidence warranted a finding" for the plaintiff when the testimony "by which he is bound requires a finding for" the defendant. *Hoffman* v. *Chelsea*, 315 Mass. 54, 56.

**Report dismissed.**

WEBB, WEBB AND MARTIN
for Plaintiff

SAUL GORDON, ESQ.
for Defendant