PHYLLIS STEBBINS *vs.* FRANCIS QUINTY. July 18, 1977. We agree with the conclusion of the trial judge that the evidence, although sparse, afforded sufficient basis for a finding that the oral agreement of lease included a provision that the defendant landlord should keep the cesspool in proper working order, a finding which, on the judge's instructions, was a prerequisite to the verdict which the jury rendered for the plaintiff on count 1. The words "prior to that" in context appear to mean prior to the start of the tenancy, and, in conjunction with evidence that the landlord in fact undertook the pumping or repair of the cesspool ten or so times thereafter (see *Rizzo* v. *Cunningham,* 303 Mass. 16, 21 [1939]; *Finn* v. *Peters,* 340 Mass. 622, 625 [1960]; *Martino* v. *First Natl. Bank,* 361 Mass. 325, 332 [1972]; *Lembo* v. *Waters,* 1 Mass. App. Ct. 227, 233 [1973]), warranted the finding in question. From that finding, without reference to any broadening of the principles of tort liability which may be implicit in *Boston Housing Authy.* v. *Hemingway,* 363 Mass. 184 (1973) (see *DiMarzo* v. *S. & P. Realty Corp.* 364 Mass. 510, 514 [1974]; *Lindsey* v. *Massios,* 372 Mass. 79, 82, fn.2 [1977]), it follows that the landlord would be liable to the plaintiff in tort for injuries sustained as a result of the landlord's negligence in making repairs to the cesspool. *Fiorntino* v. *Mason,* 233 Mass. 451, 453 (1919). *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313 (1938). *Blood* v. *Dewey,* 315 Mass. 500, 502-503 (1944). *Koleshinski* v. *David,* 328 Mass. 276, 279 (1952). *Berger* v. *Stoner,* 357 Mass. 659, 661 (1970). *DiMarzo* v. *S. & P. Realty Corp.* 364 Mass. at 513. From the evidence the jury could find that the cover was improperly replaced either by the landlord or by the plaintiff's husband acting under the landlord's direction and control. See Restatement (Second) of Agency § 225, illustration 1 & comment b (1957);

*McDermott's Case,* 283 Mass. 74, 76 (1933); *Marino* v. *Trawler Emil C, Inc.* 350 Mass. 88, 95-96, cert. den. 384 U. S. 960 (1966). We have reviewed the damages awarded and cannot say they are excessive as matter of law.

*Judgment affirmed.*

*Thomas E. Lilly* for the defendant.
*Frank J. Opie* for the plaintiff.